# THE ALDERMAN BROTHERS COMPANY ET AL. *vs.* THE WESTINGHOUSE AIR BRAKE COMPANY.

Third Judicial District, New Haven, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The Superior Court has full power to correct its records to make them conform to the fact, and that correction may be made, upon proper proceedings, at any time.

In the present case the notice of appeal was in fact filed on December 1st, 1916, but was erroneously entered by the clerk as filed on December 2d, 1916. *Held* that upon the correction of this error to accord with the fact, the amended record imported verity and was conclusive upon this court.

The return of a verdict and its acceptance by the court practically amounts to an official announcement of the determination of the cause, and therefore a notice of appeal, filed within one week thereafter, answers the requirement of General Statutes, § 790, that it should be filed within one week "after the rendition of the judgment."

When the last day of the week within which a notice of appeal must be filed falls upon a holiday or upon Sunday, a notice filed on the following day is in season.

A notice which states that the plaintiff or defendant, as the case may be, "appeals from the judgment," is sufficient in point of form, whether it has reference to an appeal to be taken from the judgment proper, or to one from the denial of a motion to set aside a verdict as against the evidence under the provisions of § 805.

Under the provisions of Chapter 225, § 3, of the Public Acts of 1915, amending § 805, the six days within which a litigant might appeal from the denial of his motion to set aside a verdict as against evidence, is now extended to ten days. *Held* that if a would-be appellant chose to delay the filing of his appeal for more than one week after the denial of his motion, as he might under the amendment of 1915, he must file a notice of appeal within the week as required by § 790.

Argued January 16th—decided February 21st, 1917.

PLEA IN ABATEMENT to an appeal by the defendant from a judgment of the Superior Court in New Haven County, upon the ground that notice of appeal was not

Alderman Bros. Co. *v.* Westinghouse Air Brake Co.

seasonably filed; the defendant filed a demurrer. and also an answer to this plea. *Demurrer overruled, answer held sufficient, and plea in abatement overruled.*

The record shows the following situation: A verdict for the plaintiff was rendered and accepted November 23d, 1916. A motion to set it aside, as being against the evidence, was filed the same day. December 1st, 1916— November 30th being Thanksgiving Day—the defendant filed a notice of appeal stating that it appealed from the judgment. December 7th the motion to set aside the verdict was denied, and a judgment for the plaintiff rendered. December 15th the defendant took its appeal from the denial of the motion and the judgment.

At the time the appeal was taken, the docket of the clerk of the Superior Court showed that the notice of appeal was filed December 2d, and it so appeared upon the papers in the case sent up. Subsequently the Superior Court, upon the motion of the defendant and after a hearing, ordered a correction of this entry to December 1st to conform to the fact as found.

*Frederick H. Wiggin,* for the appellant (defendant).

*Charles Cohen,* with whom was *Barnett Berman,* for the appellees (plaintiffs).

PER CURIAM. The Superior Court has full power to correct its records to make them conform to the fact, and that correction may be made upon proper proceedings whenever an error is discovered. *Weed* v. *Weed,* 25 Conn. 337, 342. As the amended record in this case imports verity, we are controlled by its statement that the notice of appeal was filed December 1st, 1916.

The only statute prescribing the filing of a notice of appeal is § 790 of the General Statutes, which provides

that every party desiring to take an appeal under the provisions of its chapter, being chapter 54, should, within one week after the rendition of judgment, file a notice of appeal stating that he appeals from such judgment.

A notice filed within one week from the rendition and acceptance of a verdict in a case tried to the jury, and not recalled, answers the requirements of this statute. *Hull* v. *Thoms*, 82 Conn. 386, 392, 73 Atl. 793.

When the last day of the week period falls upon a holiday, a notice filed on the following day is seasonably filed. *Sommers* v. *Adelman*, 90 Conn. 713, 714, 99 Atl. 50. The same rule governs in such case as in cases where the last day falls upon a Sunday, and for the same reason.

The form of the notice filed in this action strictly conforms to the requirements of the statute, in that it states that the defendant appeals from the judgment. It was, therefore, clearly a sufficient notice for the purposes of the appeal, in so far as it was one from the judgment proper.

If it be assumed that a would-be appellant from the denial of a motion to set aside a verdict is under the duty of filing a notice of appeal, in case he would delay his appeal for more than one week following the judgment, a similar conclusion follows from the absence of a statute requiring any other notice than that prescribed and described in § 790. The defendant's notice of December 1st was not only seasonably given in compliance with that section, but also, in its terms, conformed to the requirements therein defined, in that it stated that the defendant appealed from the judgment. The requirements of statute, in so far as there are any, were thus fully complied with. *Hull* v. *Thoms*, 82 Conn. 386, 391, 73 Atl. 793.

For the purposes of this case we might rest here.

But we ought perhaps to go further and decide the important question of procedure hinted at above, and to some extent argued before us.

Under the law as it stood before the enactment of Chapter 225 of the Public Acts of 1915, p. 2040, which extended the time for taking an appeal from the denial of a motion to set aside a verdict from six to ten days, there was no occasion for the filing of notices of appeals for that cause. The week following the judgment, during which proceedings for its execution would be stayed by force of § 799 of the General Statutes, would terminate after an appeal from the denial of the motion would have to be taken. The change wrought by the Act of 1915 has brought about the possibility of a different situation. There is left a period of three days between the end of the week and the end of the ten days when, without an appeal, the would-be appellant's rights are unprotected from the issuance of an execution to enforce the judgment, unless there be some provision other than § 799 covering that contingency. The Act of 1915 made no such provision, and there is none anywhere save such as may be found in § 799.

Section 790 directs, in general terms, that every party desiring to take an appeal under the provisions of its chapter shall, within one week after the rendition of judgment, file a notice of appeal whose character is, as we have had occasion to notice, prescribed. Section 805, giving and regulating the right of appeal from denials of motions to set aside verdicts, forms a part of the same chapter. Here, then, is language clearly comprehensive enough to embrace appeals of the last-mentioned character, and the direction is given in broad, general terms, that a notice of appeal shall be filed within one week after rendition of judgment. As long as the law remained as it formerly was, this section possessed no practical significance as related to appeals

under § 805.   Under present conditions, however, its language possesses possible importance in that connection, and when it is read in its ordinary and natural meaning it is found to be comprehensive enough to embrace appeals authorized by § 805 as amended, and to afford adequate protection against evils which might otherwise arise in the exercise of that authority.   We are of the opinion that § 790 is to be interpreted according to the natural import of its language, and as calling for the filing of a notice of appeal within one week after the rendition of judgment, where a would-be appellant from the denial of a motion to set aside a verdict chooses to delay his appeal for that cause to a later date.

With regard to the character and contents of the notice so required to be given, it is to be observed that the statute prescribes as to that when it directs that the notice shall state that the party appeals from the judgment.   This uniformity in the prescribed form of notice is not without a foundation in reason.   The judgment, which is the final act in a case, is the resultant of all the acts of the court and jury which have preceded it. One error committed in arriving at it is as much involved in its existence as another.   Then, again, a form of notice adequate for all conditions makes it possible in many cases to dispense with a duplication of notices.

The demurrer is overruled, the answer found sufficient, and the plea in abatement overruled.