# The Fidelity Trust Company et al. *v.* Gerald A. Lamb, Bank Commissioner, et al.
## (two cases)

House, C. J., Ryan, Shapiro, Loiselle and Bogdanski, Js.

Argued October 11—decided November 29, 1972

*Frederick M. Tobin,* with whom was *T. Ward Cleary,* for the appellants (plaintiffs) in each case.

*Curtiss K. Thompson,* for the appellee (defendant Union Trust Company) in each case.

*Barney Lapp,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (named defendant) in each case.

RYAN, J. These appeals are in companion cases arising out of the refusal by the state bank commissioner to decline to issue, or to cancel and revoke, certificates of approval issued to the Union Trust Company or to the Fairfield County Trust Company to establish and operate two branch banks in the city of Stamford. The plaintiffs are the Fidelity Trust Company, a state bank corporation having its principal office in the city of Stamford, and the State National Bank of Connecticut, a national bank corporation having its principal office in the city of Bridgeport and branches in Stamford. The defendants are Gerald A. Lamb, bank commissioner of the state of Connecticut, and the Union Trust Company, a state bank corporation which resulted from a merger of the Fairfield County Trust Company and the Union and New Haven Trust Company, which had its principal office in the city of New Haven. The first case relates to a certificate of approval granted to the Fairfield County Trust Company by the bank commissioner on November 18, 1968, to open a branch bank at 600 Summer Street, Stam-

ford. The second case concerns a certificate of approval granted by the bank commissioner on March 14, 1968, to the Fairfield County Trust Company to open a branch on Buxton Farms Road in Stamford.

On July 8, 1968, the Fairfield County Trust Company was a state bank corporation with its principal office and several branches in Stamford and was a member of the Federal Deposit Insurance Corporation. The Union and New Haven Trust Company was a state bank corporation with its principal office and a branch in New Haven and branches in other Connecticut towns, but none in Stamford, and was a member of the Federal Deposit Insurance Corporation. On July 8, 1968, the board of directors of both the Fairfield County Trust Company and the Union and New Haven Trust Company approved an agreement of merger under the terms of which the resulting corporation was to be the Fairfield County Trust Company, which was to change its name to the Union Trust Company and change the location of its principal office to New Haven. On September 9, 1968, the stockholders of both the Fairfield County Trust Company and the Union and New Haven Trust Company voted to approve the agreement of merger. On September 16, 1968, the bank commission approved the agreement of merger between the Fairfield County Trust Company and the Union and New Haven Trust Company, including all the branches of the Union and New Haven Trust Company and all the branches of the Fairfield County Trust Company which "are established or which are approved and not yet established." The effective date was to be "at the opening of business on January 1, 1969, or on the second Monday following the latest approval of bank supervisory authorities, whichever date last occurs." On October 1, 1969, the

merger between the Union and New Haven Trust Company and the Fairfield County Trust Company became effective.

On April 2, 1970, the Fidelity Trust Company requested the commissioner to cancel and revoke the certificate of approval which had been granted to the Fairfield County Trust Company to operate a branch at 600 Summer Street in Stamford. This request was denied by the commissioner on May 1, 1970. The plaintiffs on May 15, 1970, appealed from this denial to the Superior Court for Hartford County under the provisions of § 36-27 of the General Statutes. In their complaint they allege that the banking commission approved the merger between the Fairfield County Trust Company and the Union and New Haven Trust Company on September 16, 1968, and that the principal office of the resulting corporation was in New Haven; that as of that date the Fairfield County Trust Company had no branch at 600 Summer Street; that application for such a branch was made on October 14, 1968, and approved on November 18, 1968, and that the branch was established on May 12, 1969. The plaintiffs complain that the commissioner acted illegally in permitting the resulting corporation with its main office in New Haven to establish and operate a branch in Stamford, in which town the Fidelity Trust Company's office is located, and in failing to revoke the certificate of approval when requested to do so by the Fidelity Trust Company. By way of relief, the plaintiffs requested the Superior Court to set aside the commissioner's decision and to order him to direct the Union Trust Company to cease its operation of the branch bank at 600 Summer Street in Stamford.

On February 11, 1970, the Fidelity Trust Com-

pany, through its attorneys, requested the bank commissioner either not to issue a certificate to the Union Trust Company to operate the Buxton Farms Road branch or to cancel any such certificate that had been granted to the Fairfield County Trust Company. On March 24, 1970, the bank commissioner denied this request and declined to cancel the certificate that had been granted to the Fairfield County Trust Company. The branch on Buxton Farms Road was established and opened on April 20, 1970. On April 6, 1970, the plaintiffs purported to appeal from the action of the bank commissioner wherein he declined to cancel the certificate that had been granted to the Fairfield County Trust Company. In their appeal the plaintiffs claim that the defendant bank commissioner by rendering this decision had acted illegally and in abuse of his authority in permitting the resulting corporation to acquire by merger the certificate of approval for the Buxton Farms Road branch when that branch had never been in operation before the merger and the resulting corporation could thus not "continue to operate" it as a branch under § 36-59 (1) (c) of the General Statutes. By way of relief the plaintiffs claimed an order suspending the decision of the bank commissioner approving the establishment and operation of a branch bank at Buxton Farms Road in the city of Stamford by the Fairfield County Trust Company or the Union Trust Company, pending a final decision of this appeal, and an order suspending the decision of the bank commissioner dated March 24, 1970, denying the request of the plaintiff Fidelity Trust Company for cancellation of the certificate for the branch at Buxton Farms Road and an order canceling and revoking that certificate.

The defendants filed pleas in abatement as to the jurisdiction of the court and motions to erase in each case. The trial court abated and dismissed the appeals and erased them from the docket for lack of jurisdiction, and the plaintiffs have appealed to this court.

The question basic to a determination of each of these cases is whether the actions of the bank commissioner in denying the requests of the plaintiff Fidelity Trust Company that he cancel the certificates given by him to the Fairfield County Trust Company under the provisions of § 36-59 of the General Statutes to operate branch banks at 600 Summer Street and at Buxton Farms Road in the city of Stamford are "decisions" or "rulings" within the meaning of § 36-27 of the General Statutes. The same question is embraced in the pleas in abatement as well as in the motions to erase.

The trial court concluded that the bank commissioner's denials of the written requests to revoke and cancel the approvals given by him for the Buxton Farms Road branch and the 600 Summer Street branch are neither "decisions" nor "rulings" within the purview of General Statutes § 36-27, and that the Superior Court has no jurisdiction over the present purported appeals. The pleas in abatement and the motions to erase were sustained. Judgments were rendered abating the appeals for want of jurisdiction and both appeals were erased from the docket.

Section 36-27 provides that "[a]ny person, firm or corporation aggrieved by a decision or ruling of the commissioner, of the banking commission or of the advisory council on banking, may, within fourteen days after having notice thereof, appeal therefrom to the superior court for Hartford county."

This is the only legislative provision for appeals from actions of the bank commission or commissioner. The purpose of legislative provisions which fix a brief time for instituting judicial review of administrative decisions is to secure, in the public interest, a speedy determination of the issues involved. *Hubbard* v. *Planning Commission,* 151 Conn. 269, 272, 196 A.2d 760; *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 719, 54 A.2d 501. The plain language of the statute indicates a legislative intent to secure a speedy determination of appeals from the bank commissioner. This is emphasized by its provision that trials of fact in such appeals shall have a preferred status and shall be heard at the first session of the court.

In the present cases it is clear that the plaintiffs could have taken appeals from the commissioner's approvals of the Summer Street branch and the Buxton Farms Road branch in the year 1968. At that time each of the plaintiffs knew of the Fairfield County Trust Company's applications and their approval and made no effort to take appeals to the Superior Court. Consequently, the 1970 requests and the appeals from the denial of them are protests of the same actions of the commissioner which should have been appealed under § 36-27, no later than fourteen days after the plaintiffs learned of the actions in 1968. These attempts are obviously a mere disguise for late appeals, and are not appealable "decisions" or "rulings" within the purview of § 36-27. If we were to hold otherwise, we should be granting disgruntled parties an indefinite period of time in which to test administrative action merely by requesting reversals of prior decisions, thus prolonging final determination of the issues involved and frustrating the purpose of § 36-27. In *Kolodny*

v. *Board of Appeals,* 346 Mass. 285, 191 N.E.2d 689, an appeal was taken to the Supreme Judicial Court of the Commonwealth of Massachusetts from the decision of a zoning board that it was without jurisdiction to hear an appeal from the town building commissioner's denial of a request that zoning permits he had issued should be revoked as violative of zoning bylaws. That court determined that the building commissioner's denial of the request to revoke the permits was "no more than a reaffirmation" of the commissioner's prior decision to issue the permits and was, therefore, not an appealable "decision" within the statute allowing appeal.

The plaintiffs are attempting to legitimize these appeals by saying that the commissioner has a duty to uphold and administer the banking law of Connecticut, and that when these claimed violations of the banking law were brought to his attention his refusals to cancel or revoke the certificates of approval for these branch banks were decisions appealable under the provisions of § 36-27. An examination of the provisions of title 36 of the General Statutes reveals nothing which specifically empowers the commissioner to cancel or revoke a certificate of approval for a branch bank once it has been granted. Certainly, no such decision could be opened after the expiration of the statutory period for appeal. See *Cicala* v. *Administrator,* 161 Conn. 362, 369, 288 A.2d 66. He was simply without power to do any such thing and his refusal to do so certainly cannot be termed a "decision" within the meaning of § 36-27.

"Appeals to the courts from administrative officers or boards exist only under statutory authority, and, unless the statute provides for them, courts are without jurisdiction to entertain them." *Long* v.

*Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172; *Sheridan* v. *Planning Board,* 159 Conn. 1, 10, 266 A.2d 396; Maltbie, Conn. App. Proc. § 1. The right to appeal is purely statutory and is accorded only if the conditions fixed by the statute are met. *State* v. *Brown,* 157 Conn. 398, 400, 254 A.2d 570; *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589. The conclusion of the trial court that the bank commissioner's denials of the request of the Fidelity Trust Company to revoke and cancel approvals of branch banks previously given by the commissioner do not constitute "decisions" or "rulings" within the purview of General Statutes § 36-27 is correct and cannot be disturbed. The Superior Court was without jurisdiction over the purported appeals and the pleas in abatement and the motions to erase were properly sustained.

In the second case the defendants assign error in the denial by the trial court of their motion to open the judgment and to amend their appeal. The judgment of the trial court was rendered on August 26, 1970. On August 31, 1970, the civil term that began on September 2, 1969, as well as the session at which the judgment was rendered, ended. On September 11, 1970, the plaintiffs filed their motion. The court denied the motion on the ground that it had no power to open the judgment. "[U]nder the rule of the common law, the judgments rendered at a session of our courts, as fixed and determined by the judges, may not be opened or modified at a later session," in the absence of waiver or consent of the parties. *Cichy* v. *Kostyk,* 143 Conn. 688, 695, 696, 125 A.2d 483. The defendants strenuously objected to the motion and under these circumstances where there was neither consent nor waiver the court was without power to grant the plaintiffs' motion. *Lake*

*Garda Co.* v. *Lake Garda Improvement Assn.,* 156 Conn. 61, 65, 238 A.2d 393; *Poneleit* v. *Dudas,* 141 Conn. 413, 416, 106 A.2d 479.

There is no error in either case.

In this opinion the other judges concurred.