# In re Rosa Nunez

House, C. J., Cotter, Shapiro, MacDonald and Bogdanski, Js.

Argued October 10—decided November 14, 1973

*Donna P. Murphy,* with whom, on the brief, was *Robert G. Fracasso,* for the appellant (Rosa Nunez).

*Mary P. Ryan,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee, the state commissioner of welfare.

COTTER, J. This case originated in the Juvenile Court where the welfare commissioner petitioned the court that parental rights in William, Juan, Rosa, Virginia and Thomas Nunez be terminated. The rights of the father as to Rosa, Virginia and Thomas Nunez were terminated on the ground that he abandoned the children within the meaning of General Statutes § 17-43a. Pursuant to the same statute the rights of the mother, Rosa Nunez, to the same three children were terminated on the grounds that she was unable to offer the care necessary for the children "by reason of continuing mental condition (retardation)" and that "there are reasonable grounds to believe that such condition would exist for an undeterminate time." The court did not enter an order terminating the parental rights in and to the two older children, William and Juan. All of the children previously had been committed to the welfare commissioner as neglected children on February 21, 1967. The mother appealed to the Superior Court. The father did not appeal. The matter was there heard at a domestic relations session on a motion to erase. The motion was granted as to the two older children, William and Juan, on the ground that the orders did not constitute final judgments, since the Juvenile Court had some doubt as to the availability of adoptive homes for William and Juan, and reserved its decision in their cases in adjudicating the termination of the mother's parental rights based on the ground of physical and mental defect

until it was assured that adoptive homes were available. We find no error in this ruling. General Statutes § 17-70 provides that the appeal may be taken only from a final judgment or order of the Juvenile Court. A failure to do so constitutes a jurisdictional defect. *Cone* v. *Darrow,* 148 Conn. 109, 112, 167 A.2d 852.

The motion to erase was also granted as to the appeal concerning the other children, Rosa, Virginia and Thomas. The appellant claims that the court erred in concluding that "the form of appeal which was taken verbatim from the form distributed by the Juvenile Court" was defective because it did not comply with § 17-70 (b) of the General Statutes and did not substantially comply with Practice Book § 400 and Form 448. Section 17-70 (b) provides, in part, that "[a]ny party at interest aggrieved by any final judgment or order of the court may, within ten days thereafter, appeal to the appropriate session of the superior court, as hereinafter provided" and § 17-70a of the General Statutes provides that "[t]he clerk of the juvenile court shall note the time of filing and forthwith forward to the clerk of the superior court . . . a certified copy of the appeal and order made thereon."

The appeal in the form indicated, taken from the orders of September 29, 1971, was received and filed October 8, 1971, with the Juvenile Court for the third district at New Britain. A motion was granted permitting the appellant to file her appeal without fee and thereafter a certified copy of the appeal was filed in the Superior Court.

The trial court granted the motion to erase as to the children Rosa, Virginia and Thomas on the

grounds that the appeal was "defective in that it is returnable more than two months from its date[;] Connecticut General Statutes, Section 52-48 and Section 17-70 [b]"; and that it contains "no reasons for the appeal and no basis for aggrievement. Connecticut Practice Book, Section 400." Further, the court ruled that it was not substantially in accordance with Form 448 of the Practice Book.

A motion to erase is proper where want of jurisdiction appears on the record. Practice Book § 94. The record before us shows that the appeal was taken within ten days pursuant to § 17-70 (b) and that the clerk of the Juvenile Court noted the time of filing on the appeal as required by § 17-70a, General Statutes. Thereafter, pursuant to that statute, the clerk of the Juvenile Court must forthwith forward a certified copy of the appeal and order made thereon to the clerk of the Superior Court.

Since questions have been raised about the severe hardship on the appellant in the event of an affirmance and concerning a finding of facts a discussion in connection with these matters is apropos. Section 17-70 permits an expeditious review in cases of this nature requiring that Juvenile Court appeals shall be privileged cases to be heard on the record of the proceedings and the clerk of the Juvenile Court is directed forthwith to prepare and file in the Superior Court a certified copy of the record of the case from which the appeal has been taken. Section 17-70 (b) also provides, inter alia, that "[t]he superior court upon such appeal shall review the record so certified of the proceedings of the juvenile court and determine whether or not the court has found facts without evidence or has

reached conclusions which cannot be reasonably derived from the facts found or the law applicable thereto or both, or has acted illegally or arbitrarily."[1]

In the record before us in connection with the appeal of Rosa Nunez, the mother, the Juvenile Court found in each case of the three children that she had been properly served and that by reason of a continuing mental condition (retardation) she was unable to offer the care necessary for each of the children and there were reasonable grounds to believe that such condition will exist for an undeterminate time and concluded that the parental rights of the mother should be terminated. There was evidence in the record certified to the Superior Court by the Juvenile Court upon which the latter court could properly find the facts and reach the conclusions it did. As is shown by the transcript, the orders were entered after extensive evidence had been taken at a full hearing at which the parties appeared and after statements had been made by the attorney representing Mrs. Nunez, and from a Manpower Training representative, a social worker,

---

[1] Reference is made to the following amendment of § 51-182n in the 1971 Noncumulative Supplement to the General Statutes:

"Sec. 51-182n. HEARING OF APPEALS FROM JUVENILE COURT. (a) (Not amended).

"(b) The hearing on appeals from the juvenile court shall be in the manner prescribed in subsection (b) of section 17-70. Such case histories and records of investigation as are in the possession of the juvenile court shall be admissible in evidence and any interested party may require the presence for cross-examination of any person whose report is before the court and may produce any proper evidence. The director of probation or other person designated by the juvenile court shall be available for such services as the judge may desire. The conduct of the proceedings shall be as informal as the circumstances permit." Public Acts 1971, No. 870 § 24. Effective September 1, 1971.

psychiatric reports from a Spanish-speaking psychiatrist and others which supported the findings of the Juvenile Court. The foregoing indicated that workers from several agencies, working with Mrs. Nunez, affirmed that they found her untrainable and supported the findings and conclusions of the Juvenile Court. From this record it does not appear that the Juvenile Court acted illegally or arbitrarily.

Section 52-48 of the General Statutes, as amended, concerning return day of process provides, inter alia, that process in civil actions if brought to the Superior Court may be made returnable not later than two months after the date of such process. Section 17-70 (b) of the General Statutes provides, inter alia, that "[a]ppeals from the juvenile court shall be privileged cases to be heard by the superior court . . . as soon after *the return day* as is practicable." (Emphasis supplied.)

In the appeal taken by the appellant she failed to comply with the requirements of § 52-48 of the General Statutes in that it was returnable "to the next session of the Superior Court to be holden at New Britain" and was not taken to a Tuesday in any month and was not returnable not later than two months after the date of the process. Sessions of the court are held in accordance with § 51-181 of the General Statutes, which provides, in part, as follows: "The superior court shall be deemed continuously in session with four sessions . . . held on the first Tuesday of September, January and April and the first Tuesday following July fourth annually . . . ." The next session, since the appeal was taken October 8, 1971, would be to the January session of 1972. Where a party fails to comply with

the statutory requirements, such a defect creating a want of jurisdiction which appears on the face of the record, as in this case, a motion to erase is proper. *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339, 170 A.2d 732. The court was not in error in ruling as it did. Section 400 of the Practice Book provides that an appeal from the Juvenile Court shall be taken within ten days from the date when the decision appealed from was filed and that it shall be substantially in accordance with Form 448; that, among other things, it recite the text of the order appealed from and state the reasons of appeal. Form 448 of the Practice Book complies specifically with the requirements of § 52-48 of the General Statutes. " 'Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of the existence and extent of appellate jurisdiction depends upon the terms of the statutory or constitutional provisions in which it has its source.' 4 Am. Jur. 2d 535, Appeal and Error, § 4." *LaReau* v. *Reincke,* 158 Conn. 486, 492, 264 A.2d 576.

It is unnecessary to discuss the remaining assignments of error.

There is no error.

In this opinion the other judges concurred.