NORWICH LAND COMPANY *v.* PUBLIC UTILITIES
COMMISSION ET AL.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and BARBER, Js.

1

Argued October 14—decision released December 9, 1975

*Arthur N. Greenblatt,* for the appellant (plaintiff).

*Marshall R. Collins,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (named defendant).

*Juri E. Taalman,* with whom was *Milton L. Jacobson,* for the appellee (defendant Cable-Video, Inc.).

BARBER, J. The plaintiff appealed to the Court of Common Pleas from a decision and order of the public utilities commission granting the application of Cable-Video, Inc., for approval of construction plans for a community antenna television tower and head-end equipment in Norwich.[1] A copy of the deci-

[1] Community antenna television systems, commonly known as CATV, are subject to regulation by the public utilities commission. General Statutes, chapter 289. See *Connecticut Television Inc.* v. *Public Utilities Commission,* 159 Conn. 317, 321, 269 A.2d 276.

sion and order, which was filed by the commission on December 19, 1974, was sent to the plaintiff's counsel by first class mail on December 20 and was received by him on December 23, 1974. The plaintiff's appeal, dated January 20, 1975, was initiated by service of process on January 20 and filed in court on January 31.

Both Cable-Video, Inc., and the public utilities commission filed pleas in abatement alleging, as one of the grounds for abatement, that the appeal had not been taken within the time fixed by statute. The court found that the appeal had not been taken "within thirty days after the filing of such order" by the commission, as provided by § 16-35 of the General Statutes, nor was it filed in court "within thirty days after the mailing of the notice," as provided by § 4-183 (b) of the General Statutes. The court thereupon concluded that the appeal was not taken within the prescribed time limitation and sustained the pleas in abatement, dismissing the appeal, from which dismissal the plaintiff has appealed to this court. It is not disputed that if the appeal period began to run on December 19, 1974, the thirtieth day thereafter was Saturday, January 18, 1975. The parties in making this computation properly excluded the day on which the decision was filed. *Hubbard* v. *Planning Commission,* 151 Conn. 269, 273, 196 A.2d 760; *Lamberti* v. *Stamford,* 131 Conn. 396, 398, 40 A.2d 190.

The plaintiff's first contention is that it was entitled, under § 16-9 of the General Statutes, to receive notice of the commission's decision and order by personal service or by registered or certified mail. The plaintiff argues that, since notice was not given to the plaintiff in the requisite manner,

4

the appeal period provided by § 16-35 never began to run. In so arguing, the plaintiff has misconceived the scope of § 16-9. The notice provisions of that section apply only to "the company or person affected" by the orders of the commission.

In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. *Citerella* v. *United Illuminating Co.*, 158 Conn. 600, 609, 266 A.2d 382. It is unreasonable to construe the word "affected" to include every property owner who might claim to be personally affected. "The fact that the legislature used the words 'the company or person' instead of 'the companies or persons' suggests that it intended that notice should be given to the applicant, if the order were issued in response to an application, or, in other cases, to the party to whom the order was directed." *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 491, 362 A.2d 785. The conclusion is inescapable that the notice provided by § 16-9 need not be given to persons other than the ones under a duty to comply with the order. *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.*, 145 Conn. 243, 266, 140 A.2d 874; see *Manners* v. *Waterbury*, 86 Conn. 573, 575-76, 86 A. 14. The plaintiff was not a party to the proceedings before the commission, nor did the granting of the application impose any duty upon it. The defendant Cable-Video, Inc., whose application was granted, is the only "company or person affected" by the order within the contemplation of § 16-9. Furthermore, although the notice was given by regular rather than registered or certified mail, the notice was actually received by the plaintiff on the fourth day after mailing and well within the appeal period. Any noncompliance

with the provision providing for this notice would
not invalidate the order. *Donohue* v. *Zoning Board
of Appeals,* 155 Conn. 550, 555, 235 A.2d 643;
*Spencer's Appeal,* 78 Conn. 301, 303, 61 A. 1010;
58 Am. Jur. 2d, Notice, § 27.

The plaintiff's second contention is that since
the last day of the appeal period provided by § 16-35
fell on a Saturday, service of process on the fol-
lowing Monday satisfied the statutory require-
ments. The reliance of the plaintiff upon the case
of *Lamberti* v. *Stamford,* supra, holding that when
the last day of a period falls upon a legal holiday
the giving of notice on the next day is sufficient,
is misplaced. Even if we assume that this statute
were applicable, Saturday, the last day of the appeal
period, was not a holiday. Procedure on such
appeals from the public utilities commission, as set
forth in § 16-37, provides for service "at least twelve
days before the return day upon the secretary of
the commission and upon all parties having an
interest adverse to the appellant." The secretary
of the commission could have been served on Satur-
day. Furthermore, the plaintiff had the option of
delivering the process within the time limited to an
officer authorized to serve it, as provided in
§ 52-593a of the General Statutes. The plaintiff did
neither. Actually, the process is not dated until the
Monday following the terminal date of the appeal
period.

The provisions of the Uniform Administrative
Procedure Act, and particularly § 4-183 (b) of the
General Statutes, are of no help to the plaintiff.
Whereas § 16-35 provides that an appeal be com-
menced by service of process within thirty days of
the filing of the order, § 4-183 (b) requires that an

appeal be filed in court within the same period. The plaintiff did not file its appeal until eleven days after the service of process. Since the service of process was not timely under § 16-35, the filing of the appeal was much too late to satisfy § 4-183 (b).

Appeals to courts from administrative agencies exist only under statutory authority. *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. *In re Nunez,* 165 Conn. 435, 441, 334 A.2d 898; *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451, 208 A.2d 337; 4 Am. Jur. 2d, Appeal and Error, § 4. Provisions in statutes fixing a time within which to take an appeal are designed, in the public interest, to secure a speedy determination of the issue involved. *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 132, 318 A.2d 109. "Time is not merely a procedural limitation but is an essential part of the remedy." *Del Grosso* v. *Board of Appeal,* 330 Mass. 29, 32, 110 N.E.2d 836. Such provisions are mandatory, and, if not complied with, render the appeal subject to abatement. *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 719, 54 A.2d 501.

Section 16-35, in unequivocal language, requires that an appeal be taken within thirty days after the filing of the order, authorization or decision of the commission. Filing is accomplished by the actual delivery to the proper person. *Rosenberg* v. *Planning Board,* 155 Conn. 636, 643, 236 A.2d 895. The filing of such an order, authorization or decision with the secretary of the commission would

make it a public record. *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* supra, 266. That the decision in this case was filed on December 19, 1974, is the unchallenged finding of the trial court. The filing of the decision constituted constructive notice to the plaintiff, which was not entitled to the notice required by the provisions of § 16-9; see 3 Anderson, American Law of Zoning § 21.15, p. 581; and which received actual notice of the decision by first class mail on December 23, 1974. There is no provision in the controlling statute, § 16-35, which requires either mailing or publication of notice. Compare *Akin* v. *Norwalk,* 163 Conn. 68, 73, 301 A.2d 258, where a provision for publication was held to be mandatory. A limitation on the right of appeal must be distinguished from a right to bring a common law action, where no statute is involved creating such right. See *Morris Plan Industrial Bank* v. *Richards,* 131 Conn. 671, 674, 42 A.2d 147.

In this case, the plaintiff did not comply with the requirements of either § 16-35 or § 4-183 (b) of the General Statutes. The court did not err in sustaining the pleas in abatement.

There is no error.

In this opinion HOUSE, C. J., COTTER and LOISELLE, Js., concurred.

BOGDANSKI, J. (dissenting). I cannot agree that the plaintiff's appeal to the Court of Common Pleas was not initiated in a timely manner.

Section 16-35 of the General Statutes reads in relevant part: "Any . . . corporation or person aggrieved by any order, authorization or decision of the commission . . . in any matter to which he

or it was or ought to have been made a party, may appeal therefrom to the court of common pleas within thirty days after the filing of such order, authorization or decision." In this case, the aggrievement of the plaintiff under that statute has not been questioned.

Though § 16-35 establishes the right to appeal, it contains no provisions which relate to providing an aggrieved person with notice of action taken upon which that right to appeal may be exercised. In *Hubbard* v. *Planning Commission,* 151 Conn. 269, 271–72, 196 A.2d 760, Justice Alcorn stated for a unanimous court: "The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." In *Hubbard,* a statute required an appeal to be brought within fifteen days of the taking of "official action" by the planning commission. Despite the fact that there was no applicable notice provision, the court held that the words "official action" embraced the announcement of the commission's decision to "interested parties," and that the appeal period did not begin to run until notice was sent.

The portion of § 16-35 which allows an appeal to be brought within "thirty days after the filing of such order" similarly contemplates that the act of filing embraces the act of giving proper notice. Otherwise, the commission could effectively destroy the right of appeal by refraining from giving notice of its decisions until thirty-one days after filing

copies of its orders in its offices. A statute conferring a privilege or a right implicitly carries with it everything necessary to make that privilege or right effectual and complete. *Bergner* v. *State,* 144 Conn. 282, 288, 130 A.2d 293. If the word "filing" in § 16-35 were to be construed literally, then the right established would be ineffective and incomplete. In order to effectuate the right of appeal, it is necessary that the appeal period commence at the time when the commission gives notice of its decision to persons entitled thereto, not when the decision is obscurely filed with a mass of other documents at the commission's office.

The plaintiff was an intervenor at the hearing, was considered to be a "party in interest" by the commission, and was mailed notice of the decision and order of the commission on December 20, 1974. In measuring the plaintiff's appeal period from the date that notice was sent, the thirtieth day would have fallen on Sunday, January 19, 1975. The plaintiff commenced its appeal on Monday, January 20, 1975, by serving the secretary of the public utilities commission pursuant to § 16-37 of the General Statutes. The case of *Lamberti* v. *Stamford,* 131 Conn. 396, 400, 40 A.2d 190, cited by the majority, recognized that if the last day for performance of certain acts falls on a Sunday or a legal holiday, the doing of that act on the following day would be timely. See also *Alderman Bros. Co.* v. *Westinghouse Air Brake Co.,* 91 Conn. 383, 385, 99 A. 1040. It would be most unrealistic to require the plaintiff to seek out the secretary of the commission on a day when the commission offices are closed, and when the secretary may be out of town or otherwise occupied. General Statutes § 16-6. See *Lamberti* v. *Stamford,* supra. Moreover, § 52-71 of the General

Statutes renders void all process, except complaints for injunctions, issued or served between sunrise and sunset on Sundays. Considering those circumstances, the plaintiff's appeal, initiated on Monday, was timely taken.

The majority, however, have concluded that the plaintiff was not entitled to notice of the commission's order, and that the plaintiff's appeal period began on the date of the actual filing of the order, not on the date that a notice was sent to it. That conclusion renders meaningless the plaintiff's right of appeal established by § 16-35.

Section 16-9 of the General Statutes, entitled "Orders," contains a notice provision applicable to the public utilities commission's decisions which states in part: "Written notice of all orders, decisions or authorizations issued by the commission shall be given to the company or person affected thereby." See also Regs. Conn. State Agencies, § 16-1-15 (d). It is true that it was stated in *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 491, 362 A.2d 785, that the language of § 16-9 suggests that the legislature intended that notice should be given only to the party to whom the order was directed. In that case, however, the appellants do not appear to have been active participants at the administrative level. The plaintiff in the present case was an intervenor and a "party in interest." The commission itself considered the plaintiff a person to whom notice of its decision should have been sent, and did, in fact, send notice. It is most reasonable to conclude that the legislature intended that active intervenors in an agency proceeding be given notice of the outcome of that proceeding, particularly if they are given a right to appeal the decision.

Even if it is assumed that the provisions of § 16-9 are read so as to exclude the plaintiff from its terms, the reasoning in *Hubbard* v. *Planning Commission,* supra, would require that the plaintiff be given notice of the commission's decision. If a person participates as an intervenor and is granted a right to appeal from the decision, to hold that he is not entitled to notice of that decision would be incongruous. If it were otherwise, the right of appeal would be meaningless.

I would, therefore, set the judgment aside and remand the case with direction that the trial court consider the other grounds urged by the defendants in their pleas in abatement.