[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS TO DISMISS
Plaintiffs have made application to quash certain subpoenas and the defendant moves to dismiss those applications.
FACTS
On April 24, 1990, pursuant to Conn. Gen. Stats. 36-495, the Commissioner of Banking issued four administrative subpoenas duces tecum on certain banks where the plaintiffs Roger Morgan and Paul Legassey maintained accounts. The subpoenas required the banks to appear before the Banking Commissioner on May 30, 1990 and disclose plaintiffs' financial records. The subpoenas were issued in conjunction with the Banking Commissioner's investigation of plaintiffs' possible violations of the Connecticut Uniform Securities Act, General Statutes 36-47, et seq.
On May 16, 1991 plaintiffs each filed an application to quash those subpoena(s) on the following six grounds:
 A. The attempted service of the subpoenas did not comply with the requirements of the statutes and other legal authority governing said service.
 B. The respondent attempted to induce the above-named banks to provide financial records in violation of the governing statutory provisions.
 C. The respondent attempted service of said subpoenas while concurrently proceeding with his appeal of a prior pending action involving the same facts and circumstances.
 D. Compliance with said subpoenas would violate the applicant's right of privacy and his rights under the 4th, 5th and 14th Amendments of the United States Constitution, as well as provisions of the Connecticut Constitution. CT Page 9748
 E. The attempted service of said subpoenas is intended to harass the applicant.
 F. The disclosure sought is overbroad, unnecessarily burdensome, irrelevant, immaterial and not calculated to lead to the discovery of relevant or material information.
On September 25, 1990, after consolidation of the plaintiffs' cases, this court held a hearing on plaintiffs' applications to quash. The court then granted plaintiffs' applications because of improper service of the subpoenas on the banks.
The Commissioner appealed the decision of the trial court, and the Connecticut Supreme Court reversed the trial court's judgment in a decision released June 18, 1991, holding that "36-91(b) confers no standing upon bank customers to contest the procedures by which service of process has been made on their banks." Morgan v. Brown, 219 Conn. 204, 212. The case was remanded with direction to dismiss the applications to quash the subpoenas. Id., 214.
On July 19, 1991, plaintiffs each filed a new application to quash the April 24, 1990 subpoenas on the following three grounds:
 A. The disclosure sought is overbroad, unnecessarily burdensome, irrelevant, immaterial and not calculated to lead to the discovery of relevant or material information.
 B. Compliance with said subpoena would violate the applicant's right of privacy and his rights under the 4th, 5th and 14th Amendments of the United States Constitution, as well as provisions of the Connecticut Constitution.
 C. The attempted service of the subpoenas did not comply with the requirements of the statutes and other legal authority governing said service.
These three grounds are identical to grounds F, D, and A respectively of plaintiffs' May 16, 1990 applications to quash subpoena(s).
On July 31, 1991, in accordance with Morgan v. Brown, supra, the Banking Commissioner moved for dismissal of the May 16, 1990 applications to quash the administrative CT Page 9749 subpoena(s), and this court granted that motion.
On August 9, 1991, pursuant to Practice Book 142, the defendant filed a motion to dismiss as to each plaintiff's July 19, 1991 application to quash subpoena(s). Defendant makes the same claims and arguments in each action; i.e., that the court lacks subject matter jurisdiction over the applications.
A hearing on the application to quash was had on October 21, 1991.
LAW
The Supreme Court decisions were filed June 18, 1991, a Monday. The stays of proceedings contemplated by Practice Book Sec. 4046 both expired at the latest on June 28, 1991, a Thursday. At that time plaintiffs had ten days to file motions for reargument or reconsideration under Practice Book 4122. During that ten-day period "all proceedings to enforce or carry out the judgment[s]" were stayed. Practice Book 4123. That latter stay terminated on July 8, 1991 at the latest. Ten days after that is July 18, 1991. Plaintiffs' applications to quash the subpoenas were filed July 19, 1991. That is at least one day late. C.G.S. 36-91.
These applications are permitted solely by statute. Morgan v. Brown, 219 Conn. 204. Without that statute plaintiffs have no standing. Id. 209. Without that standing the court has no jurisdiction. In re Nunez, 165 Conn. 435,440-441; Charnosky v. City Building Supply Co., 152 449, 451.
Thus, whether we take this case as being one in which the ten days began to run on May 30, 1990 or on July 8, 1991 it had run by the time plaintiffs filed the present applications.
No motion for reargument or reconsideration was filed with the Supreme Court under Practice Book 4122 and thus no stay took effect under 4123.
For each plaintiff his right to challenge a subpoena of his bank records derived from Conn. Gen. Stats. 36-91(b) and his failure to comply with the statutory requirements creating the cause of action renders it "invalid and deprives the court of jurisdiction to hear it." Rogers v. Commission Human Rights Opportunities, 195 Conn. 543, 550. CT Page 9750
General Statutes 36-91(b) provides in relevant part:
 (b) A customer of a financial institution shall have standing to challenge a a subpoena of his financial records, by filing an application or motion to quash in a court of competent jurisdiction within the ten-day notice period required by subsection (a) of this section. Upon the filing of such application or motion by the customer, and service of such application or motion upon the financial institution, until the court holds a hearing on the motion or application and an order is entered sustaining, modifying or quashing the subpoena.
Plaintiffs have not complied with that statutory provision. They applied too late.
Applications are dismissed.
N. O'Neill, J.