[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Ralph J. Cassella appeals the decision of the CT Page 3265 defendant Department of Liquor Control (Department) which denied his application to renew his restaurant liquor permit. The Department's denial of the application was pursuant to General Statutes 30-43. The plaintiff appeals pursuant to General Statutes 4-183 (rev'd 1991). The court finds the issues in favor of the defendant Department.
At oral argument on this appeal, the court questioned its jurisdiction because it appeared from the administrative record and the court file that the appeal was not served or filed within the time limits prescribed by General Statutes 4-183. "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543, 500
(1985). Furthermore, this court must "fully resolve" the jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420, 429 (1988).
The Department's final decision in this case is dated June 6, 1991. The post office return receipt form indicates that the plaintiff received the decision in the mail on June 12, 1991. The plaintiff served notice of the appeal on the Department on August 7, 1991. The plaintiff filed the appeal in this court on August 9, 1991.
Subsection (c) of 4-183 (rev'd 1991) provides, in relevant part, as follows:
 Within forty-five days after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office . . . and file the appeal with the clerk of the superior court . . . .
Even if the Department mailed the decision as late as June 12, 1991, the same day the plaintiff received it, the statute would have required that the appeal be served and filed on or before July 27, 1991, which was the forty-fifth day after June 12. In fact, the appeal was served on the fifty-sixth day and filed on the fifty-eighth day after June 12. CT Page 3266
Prior to filing the appeal, the plaintiff petitioned the Department to reconsider its decision. The Department denied that petition on June 27, 1991. Under the law in effect prior to July 1, 1989, the petition for reconsideration would have tolled the appeal period until the Department acted on the petition. Ierardi v. Commission on Human Rights and Opportunities, 15 Conn. App. 569, 575 (1988). However, for cases commenced after July 1, 1989, such as this one, the provisions of Public Act 88-317 are applicable. That Act amended General Statutes 4-166 to add a new definition of "Final Decision" and added 4-181a to provide a timetable and procedure for petitioning an administrative agency for reconsideration of a final decision. Section 4-183 (a) (rev'd 1991) limits appeals to this court to "final decisions" of administrative agencies. Section 4-166 (3) (rev'd 1991) provides, inter alia, that a "final decision" means "(c) an agency decision made after reconsideration" but "does not include . . . a ruling of an agency . . . denying a petition for reconsideration." (Emphasis added). Section 4-181a allows a maximum of forty days in total for a petition to reconsider and a decision on that petition. The entire reconsideration procedure, therefore, is designed to fit within the forty-five day appeal period and allow sufficient time to comply with that time limitation. The effect of these changes, as enacted inPublic Act 88-317, is to establish the rule that a petition for reconsideration does not toll or stay the time to file an appeal.
As the foregoing review of the record and applicable law makes clear, the appeal in this case was not served or filed within the time prescribed by General Statutes 4-183(c) (rev'd 1991). Failure to comply with this time schedule is a jurisdictional defect which may be raised at any time and may not be waived. Norwich Land Co. v. Public Utilities Commission,170 Conn. 1, 6 (1975). The court, therefore, lacks jurisdiction to hear the appeal.
The appeal is dismissed.
MALONEY, JUDGE