[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2023
Plaintiff Bennie Brantley, administratrix of the estate of Darrell D. Brantley, appeals the decision of the defendant Commission on Victim Services (Commission) which denied her application for compensation for losses sustained as a result of Darrell D. Brantley's death. The Commission's denial of the application was pursuant to General Statutes 54-208(c). The plaintiff's appeal is authorized by General Statutes 54-211a
and 4-183 (rev'd 1991). The court finds the issues in favor of the defendant Commission.
At oral argument on this appeal, the court questioned its jurisdiction because it appeared from the administrative record and the court file that the appeal was not served or filed within the time limits prescribed by General Statutes 4-183. "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543, 500 (1985). Furthermore, this court must "fully resolve" the jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420, 429 (1988).
The Commission's final decision in this case is dated April 6, 1992 and the postmark indicates that it was mailed on that date. The plaintiff served notice of the appeal on the Commission on May 29, 1992 and filed the appeal in this court on that date.
Subsection (c) of 4-183 (rev'd 1991) provides, in relevant part, as follows:
 Within forty-five days after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office . . . and file the appeal with the clerk of the superior court.
In this case, the statute required that the appeal be CT Page 2024 served and filed on or before May 21, 1992, which was the forty-fifth day after April 6. In fact, the appeal was served and filed on the fifty-third day after April 6.
Prior to filing the appeal, the plaintiff petitioned the Commission to reconsider its decision. The Commission did not act on that petition. Under the law in effect prior to July 1, 1989, the petition for reconsideration would have tolled the appeal period until the Commission acted on it. Ierardi v. Commission on Human Rights and Opportunities, 15 Conn. App. 569,575 (1988). However, for cases commenced after July 1, 1989, such as this one, the provisions of Public Act 88-317 are applicable. That Act amended General Statutes 4-166 to add a new definition of "Final Decision" and added 4-181a to provide a timetable and procedure for petitioning an administrative agency for reconsideration of a final decision. Section4-183(a) (rev'd 1991) limits appeals to this court to "final decisions" of administrative agencies. Section 4-166(3) (rev'd 1991) provides, inter alia, that a "final decision" means "(c) an agency decision made after reconsideration" but "does not include . . . a ruling of an agency . . . denying a petition for reconsideration." (Emphasis added). Section 4-181a allows a maximum of forty days in total for a petition to reconsider and a decision on that petition. The failure of an agency to act on the petition within twenty-five days, as in this case, constitutes a denial of the petition. The entire reconsideration procedure, therefore, is designed to fit within the forty-five day appeal period and allow sufficient time to comply with that time limitation. The effect of these changes, as enacted in Public Act 88-317, is to establish the rule that a petition for reconsideration does not toll or stay the time to file an appeal.
As the foregoing review of the record and applicable law makes clear, the appeal in this case was not served or filed within the time prescribed by General Statutes 4-183(c) (rev'd 1991). Failure to comply with this time schedule is a jurisdictional defect which may be raised at any time and may not be waived. Norwich Land Co. v. Public Utilities Commission,170 Conn. 1, 6 (1975). The court, therefore, lacks jurisdiction to hear the appeal.
Although the court lacks jurisdiction to decide the plaintiff's appeal on the merits, the court has nevertheless reviewed her claims of error and concludes that she would not CT Page 2025 prevail even if the jurisdictional obstacle could be surmounted. The plaintiff's basic argument is that there was insufficient evidence to support the Commission's findings of fact that Darrell Brantley possessed drugs and a gun and was selling drugs at the time he was murdered. The Commission further found that Brantley's illegal activities "directly contributed" to his death. These findings led the Commission to deny compensation pursuant to General Statutes 54-208(c).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183(f) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. CLP v. DPUC,219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580
601 (1991). In particular, "a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness . . . ." Id. 593. "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC,219 Conn. 51, 57-58 (1991).
The court has carefully reviewed the entire record in this case, including the transcript of the hearing before the Commission and documents introduced in evidence at the hearing. The court has also studied the briefs submitted by the parties to the appeal and has considered their arguments advanced at the hearing on this appeal. On the basis of this review and the law as summarized above, the court does not find that the Commission's decision was erroneous in view of the reliable, probative and substantial evidence on the whole record. See General Statutes 4-183(j) (Rev'd 1991).
The appeal is dismissed for lack of subject matter jurisdiction. CT Page 2026
Maloney, J.