[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 17, 1990, the plaintiff, O G Industries, Inc. commenced this action for declaratory judgment against the defendant, CT Page 8472 Town of Beacon Falls, seeking to disclose invalid an ordinance adopted October 24, 1988. The ordinance provided in pertinent part as follows:
 . . . all screening, washing, crushing and other processing of stone gravel, sand and other materials excavated from the earth which have not been extracted from within the Town of Beacon Falls, and all importation of such earth products excavated elsewhere into the Town of Beacon Falls for such screening, washing, crushing or other processing, are prohibited; provided, that stockpiles of earth products excavated outside the Town of Beacon Falls which are in existence at legal processing facilities in industrial or industrial park zones in the Town of Beacon Falls as of September 1, 1990 must be entirely processed as of September 1, 1990.
The defendant has filed a counterclaim seeking an injunction based upon the ordinance. The plaintiff has raised many issues in support of its claim and in defense of the counterclaim. Only one concerning the validity of the enactment need be addressed however. O G claims that the ordinance has never become effective because there has been no compliance with the post-adoption publication requirement of Section 7-157 "of the General Statutes.
The exercise of the powers granted to a municipality by Section 7-148
of the Connecticut General Statutes, except to the extent a municipality may wish to exercise those powers on an ad hoc basis, is to be by ordinance. C.G.S. Sec. 7-148 (b). An ordinance is an enactment under the provisions of Section 7-157 of the General Statutes., Conn. Gen. Stat. Section 1,-1(n). Section 7-157 (a) of the General Statutes, provides that an ordinance may be enacted by the legislative body of any, town and that any "`. . . ordinance enacted at a town or district meeting shall become effective fifteen (15) days after publication thereof in some newspaper having a circulation in such town or in such district, as the case may be . . ." Thus, Section7-157 of the Gen. Stat. has established by whom an ordinance may be enacted and the procedure and notice necessary to have such enactment become effective. "`The fundamental rule relating to municipal legislation is that an ordinance must be enacted in the manner provided by law . . . the rule applicable to corporate authorities of municipal bodies is that when the mode in which their power is to be exercised is prescribed . . . that mode must be followed'. Glensfalls v. Standard Oil Company". Jack v. Torrant, 136 Conn. 414, 419 (1950).
With respect to non-compliance with the pre-adoption requirement of Conn. Gen. Stat. 7-3, the plaintiff relies upon a silent record, the absence CT Page 8473 of evidence of compliance. Upon the issue of non-compliance with the post-enactment provisions of Section 7-157, the evidence affirmatively demonstrates non-compliance. Through Mr. D'Amico, its first selectman since 1977, the Town of Beacon Falls has confessed that neither the text of that ordinance nor any notice of the action of the town meeting purporting to adopt same was ever thereafter published in a newspaper having a circulation in the Town of Beacon Falls. At trial the Town failed to offer evidence of compliance.
The Town seeks to remedy the failure to comply with the statute by request to reopen the trial to offer evidence of publication in the Naugatuck Daily News on August 13, 1993 and August 17, 1993. The court has granted the motion to reopen for the limited purpose of reviewing the evidence of late publication. The defendant concedes in its motion that "through error of the town either the ordinance had not been published prior hereto, or no record was kept of such publication."
General Statute 7-157 does not set forth any definite time after a vote to adopt an ordinance but only that it "shall become effective thirty days after publication." Since the statute does not provide for a time of publication, the court must infer that the legislature intended that publication be done within a reasonable time. In interpreting a statute, a court must assume a reasonable and rational result was intended by the legislature, Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 4
and has a duty to carry out the legislative intent. Royce v. Heneage,170 Conn. 387, 391. Likewise, the general purpose of the act must be considered in construing it. United Aircraft Corporation v. Fusari,163 Conn. 401, 417. Publication about five years after adoption is not in compliance with the statute.
The obvious purpose of section 7-157 is to give notice to the public of the terms of any ordinance. It would be a totally unreasonable construction to construe the statute so that an ordinance could be voted but not published until someone threatened action contrary to its provisions at some date in the future.
Finally, in this case, by the time of publication the exception "that stockpiles of earth products excavated outside of the Town of Beacon Falls which are in existence at legal processing facilities in industrial or industrial park zones in the Town of Beacon Falls as of September 1, 1990 must be entirely processed as of September 1, 1990 . . . "would have become a nullity. The court finds any publication in August 1993 to be a nullity.
For the reasons stated, the court declares the ordinance adopted on CT Page 8474 October 24, 1988 null and void. In view of that finding, judgment may enter for the plaintiff on the defendants' counterclaim.
PICKETT, J.