[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 20, 1996
The Plaintiff, Country Gate Associates, has appealed under General Statutes § 7-250, sewer assessments levied by the Defendant, Middlebury Water Pollution Control Authority (MWPCA), upon the Plaintiff's property known as 1383 West Street, Middlebury, Connecticut. The Defendants, pursuant to Practice CT Page 5398 Book §§ 142 and 143, have moved to dismiss this appeal for lack of subject matter jurisdiction on the ground that the Plaintiff has failed to take a timely appeal.
A motion to dismiss . . . properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. (Internal quotation marks omitted.) Gurliacciv. Mayer, 218 Conn. 531, 544 (1991). "[O]nce the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Id., 545. "[C]ognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction . . ." Federal Deposit Ins. Corp. v. Peabody, N.E.,Inc., 239 Conn. 93, 99 (1996).
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Office of Consumer Counsel v. Dept. of Public UtilityControl, 234 Conn. 624, 640 (1995). "If the appeal period has expired when an appeal is filed the trial court lacks jurisdiction over the appeal." Cardoza v. Zoning Commission,211 Conn. 78, 82 (1989).
General Statutes § 7-250 provides in relevant part that:
 [w]hen the water pollution control authority has determined the amount of the assessment to be levied, it shall file a copy thereof in the office of the clerk of the municipality . . . [A]ny appeals from such assessment must be taken within twenty-one days after such filing.
The parties agree that on July 15, 1994, the MWPCA filed its sewer assessment of the Plaintiff's property with the Middlebury town clerk, also a defendant in this action. The parties further agree that the Plaintiff's appeal of this assessment was served by sheriff upon the Defendants on August 8, 1994, which date is more then 21 days from the date the MWPCA filed the assessment. Therefore, absent an applicable savings statute, the Plaintiff's sewer assessment appeal is not timely filed. The issue before the court, therefore, is whether the savings statute, § 52-593a, applies to a sewer assessment appeal brought under § 7-250. The Court concludes that it does.
General Statutes § 52-593a provides that: CT Page 5399
 (a) Except in the case of can appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
Pursuant to General Statutes § 52-593a, if the process to be served is personally delivered to a sheriff within the time limited by law, and is then served within fifteen days of delivery, such service is timely. Specifically excepted from the operation of § 52-593a are appeals from an administrative agency governed by § 4-183. An appeal under § 7-250 is not so governed.
"Where the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction."First Bethel Associates v. Bethel, 231 Conn. 731, 739 (1995). "[C]ourts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for doing so." Simko v. Zoning Board of Appeals,205 Conn. 413, 418 (1987), modified on other grounds, 206 Conn. 374
(1988). Thus, if the legislature had intended to exclude from the savings provision of § 52-593a sewer assessment appeals brought under § 7-250, it could have easily done so. SeeCaulkins v. Petrillo, 200 Conn. 713, 719 (1986). The legislature did not do so. The only administrative agency appeals excepted under § 52-593a are those governed by § 4-183.
Additionally, Practice Book § 256 provides in relevant part that:
 For purposes of these rules, administrative appeals are civil actions. Whenever these rules refer to civil actions, actions, civil causes, causes or cases, the reference shall include administrative appeals except that . . . an administrative appeal shall not be deemed an action for purposes of Gen. Stat., §§ 52-591, 52-592, or 52-593.
CT Page 5400
Because § 52-593a is not included as an exception under Practice Book § 256, a sewer assessment appeal pursuant to General Statutes § 7-250 is an "action" for purposes of this rule.
In Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1,5 (1975), an administrative appeal under then § 16-37 [now § 16-35], our Supreme Court noted that for purposes of a timely appeal, § 52-593a was applicable.[1] This statement in Norwich Land Co. was relied upon by the court in Mario v.Conservation Commission, 33 Conn. Sup. 172, 177 (1976), in ruling that § 52-593a was applicable to administrative appeals not otherwise excluded by its terms.
According to the affidavit of Vincent C. Messina, Deputy Sheriff for New Haven County,[2] filed with this court at the hearing on this motion, the Plaintiff, on August 1, 1994, delivered the required appeal process to the sheriff who, on August 8, 1994, served the appeal upon the Defendants. In that the Plaintiff delivered the appeal process to the sheriff within the twenty-one day period mandated by § 7-250, who then served the Defendants within the fifteen-day period thereafter authorized by § 52-593a, the Plaintiff's appeal was timely filed.
Accordingly, the motion to dismiss is denied.