## JOHN B. SMITH'S APPEAL FROM COUNTY COMMISSIONERS.

First Judicial District, Hartford, October Term, 1894. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and PRENTICE, Js.

The Superior Court found that an applicant for a liquor license had repeatedly violated the law, but was, notwithstanding, a "suitable person" to be licensed. *Held* that such violations did not, as matter of law, render the applicant an unsuitable person, since other evidence might have satisfied the trial court that the personal character and reputation of the applicant was such, or that the violations of law were committed under such circumstances of palliation, mistake, or deception, as to clearly show that he had not intentionally and deliberately transgressed the law.

The suitability or personal fitness of an applicant for a liquor license is, of necessity, incapable of general definition, and must in each case be determined, in view of the statutory regulations, by the licensing authority in the exercise of its best judgment. The action of such authority may be illegal if its judgment is exercised arbitrarily or corruptly, but it is not illegal merely because another tribunal might reach a different conclusion as to the same applicant.

Section 3053 of the General Statutes, as amended by chapter 117 of the Public Acts of 1889, provides that "no person who has been convicted of a violation" of the liquor law during the year next preceding his application shall be deemed a "suitable person" to receive a license. *Held* that a judgment of guilty rendered by a justice of the

peace from which the defendant had appealed was not, pending such appeal, a "conviction" within the meaning of the statute.

[Argued October 4th—decided November 28th, 1894.]

APPEAL from the decision of the County Commissioners of Litchfield County in granting a liquor license to one Solomon Kirby; brought to the Superior Court in Litchfield County, and tried by *Fenn, J.,* who confirmed the action of the County Commissioners, and the appellant appealed to this court for alleged errors in the rulings of the judge. *New trial denied.*

The case is sufficiently stated in the opinion.

*Leonard J. Nickerson* and *Wellington B. Smith,* for the appellant (remonstrant).

*Daniel Davenport* and *A. T. Roraback,* for the appellee (applicant).

HAMERSLEY, J. Under the provisions of § 3053 of the General Statutes as amended, (Public Acts of 1889, chapter CXVII.) the county commissioners of Litchfield county granted a license to Solomon Kirby to sell spirituous and intoxicating liquors in the town of Sharon; and under the provisions of chapter CLXXV. of the Public Acts of 1893, John B. Smith, a citizen and taxpayer of Sharon, appealed from their decision to the Superior Court. The court confirmed the decision of the county commissioners, and this is an appeal by Smith from that order of confirmation.

The finding of the court states that upon the evidence the court found that Kirby was a suitable person to be licensed; that the place in question was a suitable place for the sale of liquors; that the town of Sharon is one where licenses may legally be granted; and thereupon confirmed the granting of the license. The finding also states that upon evidence offered by the appellant as tending to show that Kirby was not a suitable person to be licensed, the following additional and subordinate facts were proved by a fair preponder-

ance of testimony, viz : That at the time of trial there were three distinct criminal prosecutions pending against Kirby in the Superior Court, which prosecutions had been commenced before a justice of the peace who had, after demurrer overruled, found Kirby guilty, and imposed a fine, and from such judgments of conviction Kirby had appealed to the Superior Court (presumably these prosecutions were for a violation of the license law, although the record does not so state) ; that Kirby while holding a license had, on two occasions, sold liquor to a minor, and on two occasions sold liquor on Sunday, and had habitually violated the screen law, so-called ; that on a number of occasions minors were in Kirby's bar-room ; that there were certain specified circumstances tending to show the claimed violations of law to have been willful, and the place in question an unsuitable place, but that no evidence was offered and no claim made that Kirby had ever been finally convicted of any violation of law ; and the finding further states that the appellant claimed that, these facts existing, Kirby was an unsuitable person and could not by any other evidence be shown to be a suitable person to receive a license under the statute. This claim of the law the court overruled ; and the correctness of such ruling is the only question of law raised by the appeal.

Had the appellant claimed as a conclusion of fact that the existence of these facts, in the absence of all other evidence, established the fact that Kirby was not a suitable person to be licensed, the court undoubtedly would have sustained his claim. The only evidence then before the court would have indicated Kirby as having been during the preceding year a willful and habitual violator of the license he held ; plainly such a person is not a "suitable person," and should under no circumstances have his license renewed ; and possibly the conclusion of a court on such facts that such person was a suitable person might be an error in law within the rule laid down in *Hayden* v. *Allyn,* 55 Conn., 289. But the appellant did not make and could not have made such a claim. There was other evidence. Such other evidence

should have been strong and convincing in order to rebut the presumption of unfitness arising from the facts found, and it appears to have been sufficient to satisfy the court that the personal character and reputation of Kirby was such, or that his claimed violations of law were committed under such circumstances of palliation, mistake, or deception, as to clearly show that he had not intentionally and deliberately violated the conditions of his former license, and was unlikely to violate the conditions of the new license.

The claim of law actually made by the appellant is that the subordinate facts found by the court raise an irrebutable legal presumption that Kirby is not a suitable person to be licensed. There is no foundation for such a claim. The word "suitable" as descriptive of an applicant for license under the statute, is insusceptible of any legal definition that wholly excludes the personal views of the tribunal authorized to determine the suitability of the applicant. A person is "suitable" who by reason of his character—his reputation in the community, his previous conduct as a licensee—is shown to be suited or adapted to the orderly conduct of a business which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is made a criminal offense. It is patent that the adaptability of any person to such a business depends upon facts and circumstances that may be indicated but cannot be fully defined by law, whose probative force will differ in different cases, and must in each case depend largely upon the sound judgment of the selecting tribunal. The word is not new to our legislation in such connection. From the earliest times retailing of liquors to be drunk on the premises has been treated by our legislature as sufficiently dangerous to public order to demand its restriction to licensed persons. In 1703 the statute describes the persons who may be licensed as those who shall be "thought fit by the justices themselves." In 1719 the statute, reciting that "many persons very unfit for that employment have imposed on the County Court so as to obtain license," provides that the civil authority in the respective

towns shall nominate to the County Court for appointment the persons whom they think fit and suitable; and from that time on the statutes regulating licenses to retail liquors have used the word "suitable" as descriptive of the persons who may be licensed. The statute in force at the time of the prohibitory legislation of 1854, provided that the civil authority in each town should nominate such persons as they shall judge suitable to the County Court, and that the court should grant licenses to such and so many of such persons as they shall judge to be suitable and necessary. When the legislature in 1872 returned to the policy of granting licenses, the old phraseology was again used. We think that in the present statute the word is used with the meaning clearly impressed upon it by our early legislation, that is, a personal fitness to perform the *quasi* public duties required by law of a licensee, and that such fitness of the man to the legal requirement is, of necessity, incapable of general definition, and must in each case be determined, in view of the statutory regulations, by the licensing authority in the exercise of its best judgment. The action of such authority may be illegal if its judgment is exercised arbitrarily or corruptly, but it is not illegal because another tribunal might reach a different conclusion as to the same applicant.

Such being the meaning attached to the word "suitable," the statute further guards against the licensing of unfit persons by expressly prohibiting the granting of licenses to certain classes of persons, however suitable an applicant from any such class may be thought by the licensing authority. Quite a number of such classes are specified; it is not claimed that Kirby comes within any such class, unless he has been convicted of a violation of the license law during the year next preceding his application. It is claimed that upon the facts found the court below should have held that Kirby had been so convicted. It is too plain for argument that the judgments of the justice of the peace mentioned in the record, which judgments had been vacated by appeals to the Superior Court, where the prosecutions were then pending, were not convictions within the meaning of the

statute.    Therefore the appellant's claim of law was properly overruled.

A new trial is denied.

In this opinion the other judges concurred.