The plaintiff appeals from the refusal of the Liquor Control Commission to issue a restaurant permit for the premises located at 138 North Main Street, Waterbury.
No question has been raised as to the business conducted in the premises being a bona fide restaurant, nor as to the suitability of the plaintiff applicant.
Paragraphs 5 and 6 of the appeal allege that the place for which the permit is desired is a suitable place, and that the backer is a suitable backer, having a good record and reputation. These allegations are denied by the respondent. *Page 285 
The reasons assigned by the respondent for refusing the permit are: (a) unsuitability of backer by reason of record and reputation; (b) unsuitability of place by reason of record and reputation.
The facts established are as follows:
The plaintiff's backer is his mother, Mary Ponzillo. She was formerly the backer of permittees to whom restaurant permits previously had been issued for the same premises. On October 22, 1940, the Liquor Control Commission revoked the last permit issued for these premises, for violations of section 1071c of the 1935 Cumulative Supplement to the General Statutes, prohibiting the sale of alcoholic liquor to intoxicated persons. An appeal from the order of revocation, taken to the Superior Court, was dismissed, and the order of revocation sustained, on March 25, 1941. At the time of the violations which resulted in the revocation of the permit, the permittee was one James Richtmeyer. Said Richtmeyer had severed his connection with the business about a week before, and the premises were then in charge of the backer, who had made application to be substituted as permittee. The application had not been acted upon by the Commission up to the date of the violations. The present application for a new permit was filed July 18, 1941. On July 20, 1939, while said Richtmeyer was the permittee and said Mary Ponzillo the backer, the Commission revoked the permit for a violation of section 1073c of the 1935 Cumulative Supplement to the General Statutes, which prohibited the permitting of females to loiter on the premises. An appeal from said order of revocation, taken to the Superior Court, was sustained on March 27, 1940, on the ground that the Commission had not sustained the burden of proof resting upon it in the appeal proceedings, but the court (McEvoy, J.) observed in its memorandum of decision that "the environment and conduct of the appellant's business is, to say the least, not only unwholesome, but .... is undesirable." The backer, Mary Ponzillo, was engaged or employed in the operation of the restaurant business, alternating as cook and waitress, during all of the time that the business was in the control of her permittee, and she could not fail to have observed and known the conditions prevailing in and about the premises. In the same building in which the premises in question are located, rooms directly above, but not connected with the restaurant premises, were occupied by *Page 286 
women who used the same for immoral purposes, and on frequent occasions men came to the restaurant to look for the women who lived upstairs. Officers connected with the vice squad of the Waterbury Police Department visited the premises on various occasions and observed men in the embrace of female companions, who desisted when the officers were recognized. On the occasions of the violations which resulted in the final revocation of the permit for the premises, there were brawls in the premises, requiring, on each occasion, the intervention of a police officer. Complaints over a number of years have been received by the Waterbury Police Department and the Liquor Control Commission concerning the presence of drunken persons and loitering women, and brawls in and about the premises.
While it is true that the backer, pursuant to section 967e of the 1939 Supplement to the General Statutes, was required to delegate to the permittee full authority and control of the premises and of the conduct of the business, and the backer may, therefore, not be held to the same degree of responsibility to which the permittee is held under the decisions inRose vs. Liquor Control Commission, 124 Conn. 689, andGuastamachio vs. Brennan, 128 id. 356, for events transpiring in the course of the conduct of the business, it cannot be said that a backer is thereby completely immunized against the effects of a continuing series of acts tending to bring the business and the premises into disrepute. Under said section 967e, an applicant for a permit is required to have a satisfactory character, record and reputation, and a backer is required to possess the same qualifications. A backer, who is daily engaged actively in and about a business for which a permit has been issued to dispense alcoholic liquor, and who becomes cognizant of acts and conditions such as here disclosed, and who apparently does nothing to correct or prevent them, does not, after the permit has been revoked because of such acts and conditions, continue to be a suitable person to act as a backer for a different permittee in the same premises; and a place where conditions, such as here disclosed, have been tolerated over a long period of time does not continue to remain a suitable place in which to permit the sale of alcoholic liquor.
Our laws regulating the sale of alcoholic liquor are designed to restrict the privilege to persons of good moral character and to places deemed suitable for the purpose. To effectuate *Page 287 
this purpose it is necessary to deny the privilege both to places likely to be resorted to by the disorderly and immoral, and to persons who have shown an incapacity to comprehend the harmful effects upon the community at large of the sale of alcoholic liquor under conditions which may have a tendency to breed vice and crime. In Smith's Appeal, 65 Conn. 135,138, a person suitable to be granted a permit is said to be one "shown to be suited or adapted to the orderly conduct of a business which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is made a criminal offense"; and in Hopson'sAppeal, 65 Conn. 140, 144, it is said that the suitability of the place where such a business should be permitted is to be determined by similar considerations.
Upon the facts here established it cannot be found that the place here in question is, at the present time, a suitable place in which the sale of alcoholic liquor should be permitted, nor that the present backer is a suitable person to become the backer of a permittee in said premises. It may well be that at some future time the premises may lose the atmosphere it acquired during the period when immoral women were permitted to reside in the same building, and as a consequence of which, disorderly persons and persons of loose character were attracted, and brought about conditions necessitating a revocation of the permit which had been issued. At the present time, however, there is nothing to give real assurance that if a permit should now be granted, the premises will not again be resorted to by persons of the same type, and that conditions which necessitated the revocation of the permit will not again prevail.
 The appeal is therefore dismissed and the plaintiff's application for a permit is denied.