THOMAS F. STORACE, JR. *v.* FRANK J. MARIANO ET AL.

COURT OF COMMON PLEAS JUDICIAL DISTRICT OF WATERBURY FILE NO. 26859

Memorandum filed January 27, 1978

*Sutherland W. G. Denlinger,* for the plaintiff.

*Peter Rotatori, Jr.,* for the named defendant.

*Carl R. Ajello,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the defendant state board of firearms permit examiners.

PICKETT, J.   On January 10, 1973, Thomas F. Storace, Jr., applied for a permit to carry a pistol. The application was approved by the deputy police chief of Naugatuck and was later revoked on April 11, 1973, by the named defendant, Frank J. Mariano, chief of police.  Until he received a copy of a letter dated March 27, 1973, from Robert B. Miller, super-intendent of Fairfield Hills Hospital, addressed to the commanding officer, division of pistol permits, state police department, Mariano was not aware that a permit had been issued.  An appeal dated April 15, 1973, was received by the state board of firearms permit examiners on April 17, but no hearing was scheduled until April 15, 1974.  A hearing was held on June 17, 1974, and on August 14, 1974, the board sustained the revocation.

The plaintiff filed this appeal from the decision of the board and also cited Mariano as a party defendant.  A plea in abatement was denied, without opinion, on January 9, 1976.  In view of the fact that appeals lie from the issuing authority to the board under General Statutes § 29-32b (b) and from the board to the court under § 29-32b (f), the plea in abatement would appear to be sound.[1]

---

[1] Clearly, the relief requested, that "this court . . . vacate and set aside said order," could not be ordered against Mariano.

An examination of the return discloses that since 1970 the plaintiff had been employed at Fairfield Hills Hospital and that in March, 1973, he was working as a psychiatric aide in the drug detoxification unit for male addicts, on the 11 p.m. to 7 a.m. shift. After he obtained a pistol permit in January, 1973, he requested permission to keep his pistol at the hospital for his own personal convenience. In spite of a restriction against pistols on the premises, Miller gave permission on March 22, 1973, to have the pistol at Fairfield provided it was locked in the plaintiff's car or checked with the hospital security force. On March 24, 1973, the plaintiff brought his pistol to work in an open dunebuggy. Since the pistol could not be secured in the vehicle, the plaintiff brought it into the hospital building where his supervisor put the pistol in a locked closet in his office on the first floor. It is admitted that leaving the gun in the supervisor's office was in violation of the instruction.

On March 27, 1973, Miller wrote a letter to the state police department with a copy to Mariano, stating that the plaintiff was "a dangerous candidate for the continued license to carry a pistol or revolver." Upon receipt of his copy, Mariano revoked the permit because he felt that the plaintiff was not a suitable person to carry a gun. The defendant board found "that Chief Mariano's action in revoking [the] Naugatuck permit to carry pistols and revolvers was for just and proper cause."

The plaintiff claims to be aggrieved on various grounds, including the failure of the board to schedule the hearing within ten days, the conducting of it with four rather than five members, the failure to set forth valid reasons for sustaining the police chief, the finding of facts without proper evidence, and the lack of standards in the statute. The plaintiff raises substantial and valid objections to

the sustaining of the revocation. Section 29-32b (c) of the General Statutes requires the setting of a time and place for a hearing within ten days of the receipt of an appeal, and further provides that the "[f]ailure . . . of the issuing authority to furnish [a] written statement, or to supply the appellant with an application, . . . *shall be cause for the board to grant the relief sought, forthwith and without further hearing.*" (Emphasis added.) It is clear from a reading of the statute that time is of the essence and that the time directive goes to "the essence of the thing to be accomplished." *Akin* v. *Norwalk,* 163 Conn. 68, 74. While a minor deviation might be excused under certain circumstances, there is no justification for a one-year delay. *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1.[2]

The report of Mariano to the board states as follows:

Question: "State the reasons (a) for your refusal or failure to furnish the appellant with an application, or (b) for your refusal or failure to issue the requested permit to the appellant, or (c) for your revocation of the appellant's permit, as the case may be (be specific—a mere recitation that the appellant is not a suitable person is insufficient.)"

---

[2] Appeals to courts from administrative agencies exist only under statutory authority. *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. *In re Nunez,* 165 Conn. 435, 441; *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451; 4 Am. Jur. 2d, Appeal and Error, § 4. Provisions in statutes fixing a time within which to take an appeal are designed, in the public interest, to secure a speedy determination of the issue involved. *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 132. "Time is not merely a procedural limitation but is an essential part of the remedy." *Del Grosso* v. *Board of Appeal,* 330 Mass. 29, 32. Such provisions are mandatory and, if not complied with, render the appeal subject to abatement. *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 719.

Answer: "Permit to carry pistols and revolvers was issued to Storace by Deputy Chief Joseph Summa while I was away on vacation. I first learned that he had a permit when I received a letter from Dr. Robert Miller the Superintendent of the Fairfield Hills Hospital. When I asked Deputy Chief Summa why he issued a permit to Storace, he said he thought he was signing a renewal and didn't read the name on the permit. I then called Storace and when he came into the station I told him I was revoking his permit and if I had been working when the permit was issued he wouldn't have gotten a permit because, in my opinion, he is an unsuitable person to carry a gun."

From an examination of the answer to this question, it is apparent that the revocation was based upon personal prejudices, that it was not factually substantiated and that it was in violation of board policy, since it merely stated the conclusion that "in my opinion, he is an unsuitable person to carry a gun." The record is lacking in substantial evidence to sustain that finding. *Lawrence* v. *Kozlowski,* 171 Conn. 705, 713, cert. denied, 431 U.S. 969. The Connecticut Supreme Court has held on many occasions that the term "suitable person" has a legally fixed meaning. *Clapp* v. *Ulbrich,* 140 Conn. 637; *State* v. *Vachon,* 140 Conn. 478; *Smith's Appeal,* 65 Conn. 135. In the interpretation of a statutory provision, the words must be construed as having been used "in the light of the fundamental purpose of the statutes to regulate the profession in the public interest, and they can only be construed as intending· to include conduct within their fair purport which either shows that the person guilty of it is intellectually or morally incompetent to practice the profession or has committed an act or acts of a nature likely to jeopardize the interest of the public." *Sage-Allen Co.* v. *Wheeler,* 119 Conn. 667,

679; see also *Gibson* v. *Connecticut Medical Examining Board,* 141 Conn. 218; *Jaffe* v. *State Department of Health,* 135 Conn. 339; *Lieberman* v. *Board of Examiners,* 130 Conn. 344.

The test for the issuance of a permit is a finding that "such applicant intends to make no use . . . other than a lawful use and that such person is a suitable person to receive such permit." General Statutes § 29-28. The word suitable is defined as "proper, able, qualified, fit." Webster, New Collegiate Dictionary. While the violation of Miller's instruction was insubordinate, it does not render the plaintiff unsuitable. A suspension without pay was imposed rather than a longer suspension or discharge as would, no doubt, have resulted if the superintendent had found that a serious violation had occurred. The record fails to show any danger to inmates or to the public or other grounds for upholding the revocation. The actions of Miller, in conditionally authorizing the bringing of a pistol to the hospital, and of Mariano, in revoking the permit for personal reasons, are not approved. The court finds that the plaintiff has sustained his burden of proof since the conclusion of the board upholding the action of Mariano was not supported by the evidence. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 570.

While the court may not substitute its discretion for that of the board, it may reverse a decision "if substantial rights of the appellant have been prejudiced because the administrative findings, . . . conclusions, or decisions are . . . *clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."* (Emphasis added.) General Statutes § 4-183 (g). In this case, the court finds that the plaintiff is entitled to affirmative relief. See *Hickey* v. *Commissioner of Motor*

*Vehicles,* 170 Conn. 136, 144; *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 440.

The appeal is sustained and the defendant is ordered to restore the permit to the plaintiff. General Statutes § 29-32b (f). Judgment may enter accordingly.