[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the defendant Board of Firearms Permit Examiners (the Board) which sustained the revocation of his pistol permit by the Commissioner of Public Safety (Commissioner). The Commissioner's action was taken pursuant to General Statutes 29-32. The plaintiff appealed that action to the Board pursuant to General Statutes 29-32b. CT Page 5245 The plaintiff appeals the Board's decision to this court pursuant to subsection (f) of section 29-32b and section 4-183.
In its decision, the Board made the following findings of fact:
FINDINGS OF FACT:
 1. On 2/16/91, the (plaintiff) was stopped on complaint from an unidentified person that he brandished a pistol while driving on Interstate 91.
 2. The (plaintiff) was not brandishing the pistol but reloading it and closing the slide while driving. The gun was pointed up during this time and could be seen by others.
 3. The (plaintiff's) car was searched, and a bowl was found and a lineman's telephone. The (plaintiff) was charged with Breach of Peace, Larceny 6th, and Possession of Drug Paraphernalia. He plead guilty to Creating a Public Disturbance.
The Board then concluded "that there is just and proper cause for the revocation of a pistol permit because, based upon the facts developed at the hearing, the (plaintiff) is an unsuitable person."
The plaintiff raises three arguments as the bases of his appeal: (1) that the Board wrongly relied on hearsay and "double hearsay" in reaching its factual findings; (2) that the Board wrongly relied on the fact that the plaintiff was arrested, but not convicted, on various criminal charges; and (3) that the Board failed to state its reasons for concluding that the plaintiff is an "unsuitable person."
General Statutes 29-28 sets forth the criteria and procedure for obtaining a permit to carry a pistol. It is a two-step procedure under which the applicant first obtains from the appropriate local official a permit to carry a pistol in his or her town of residence and then obtains a state-wide permit from the Commissioner. The statute provides, in relevant part, that the local official will grant the permit "provided such authority shall find that such applicant intends to make no use of any pistol or revolver which he may be permitted to carry . . . CT Page 5246 other than a lawful use and that such person is a suitable person to receive such permit." The statute provides no criteria for issuance of the state-wide permit by the Commissioner but provides, merely, that the "commissioner may, upon application, issue to any holder of any [local] permit, a permit to carry a pistol or revolver within the state."
General Statutes 29-32 establishes the summary procedure by which either the local authority or the Commissioner may revoke a permit. "Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit of a felony." Section 29-32b(b) sets forth the standards for the Board to follow in reviewing a revocation of a permit by the local authority or the Commissioner. "On such appeal the board shall inquire into and determine the facts, de novo, and unless it finds that such . . . revocation . . . would be for just and proper cause, it shall order such permit to be . . . restored . . . ."
As the Board indicates in its decision, and argues in its brief to this court, it considers that a determination that an individual is not "a suitable person," in the language of29-28, is cause for revocation of a permit under 29-32.
Addressing first the plaintiff's claim regarding hearsay evidence, the court concludes that it may not be sustained. The statements in question were contained in the "questionnaire" completed by the state police, in behalf of the Commissioner, and submitted to the Board. They were evidently taken from a police report of the plaintiff's arrest on February 16, 1991. Even without those hearsay statements, however, the Board had ample and substantial evidence to support the findings it made. The plaintiff himself testified at the Board hearing and specifically corroborated the findings the Board made concerning the circumstances of his arrest. The court concludes, therefore, that the inclusion of the hearsay statements in the record did not prejudice a substantial right of the plaintiff so as to compel reversal of the Board's decision under 4-183.
The plaintiff's second and third claims, summarized above, find support in General Statutes 4-180(c). That statute provides, in relevant part, "[a] final decision in a contested case . . . shall include the agency's findings of fact and conclusions of law necessary to its decision." Implicit in this CT Page 5247 rule is the requirement that the agency's conclusions of law and its factual findings should be logically and understandably connected.
In the present case, the Board concluded as a matter of law that the plaintiff is an "unsuitable person." Presumably it meant not "suitable" to have a pistol permit within the meaning of 29-28, the statute governing the issuance of such permits. The term "suitable" is nowhere specifically defined in the pistol permit laws, although 29-29 requires the issuing authority to check for any history of criminal convictions as part of its investigation concerning the applicant's "suitability to carry any such weapons." The term "unsuitable person", as used in the Board's decision, does not appear anywhere in the applicable statutes. In its brief to the court on this appeal, the Board cites Smith's Appeal from County Commissioners, 65 Conn. 135, 138 (1894) holding, in part, as follows:
 The word "suitable" as descriptive of an applicant for license under the statute, is insusceptible of any legal definition that wholly excludes the personal views of the tribunal authorized to determine the suitability of the applicant. A person is "suitable" who by reason of his character — his reputation in the community, his previous conduct as a licensee — is shown to be suited or adapted to the orderly conduct of [an activity] which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is made a criminal offense. It is patent that the adaptability of any person to such [an activity] depends upon facts and circumstances that may be indicated but cannot be fully defined by law, whose probative force will differ in different cases, and must in each case depend largely upon the sound judgment of the selecting tribunal. (Emphasis added).
The rule of Smith's Appeal imposes a special responsibility on agencies such as the Board, which must determine an CT Page 5248 individual's "suitability" to hold a license. As indicated by the Supreme Court of Errors, the personal views of the agency members are necessarily a factor in the decision, and similar facts and circumstances will have varying "probative force" in different cases. The agency, however, must avoid decisions which are "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes 4-183(j)(6). It is incumbent on the agency in such cases, therefore, to be reasonably precise in stating the basis of its conclusion that an individual is "unsuitable." Otherwise, the decision on its face will be susceptible to the interpretation that it is unduly subjective, an essentially arbitrary act.
In the present case, the agency included in its findings the fact that the plaintiff was arrested for breach of peace, larceny 6th and possession of drug paraphernalia. Although it concedes in its brief to the court that mere arrest without conviction cannot be the basis of license revocation, it is not at all clear that the agency observed that principle in determining that the plaintiff is "unsuitable." Indeed, the prominence given to the fact of the plaintiff's arrest on three criminal charges strongly suggests otherwise.
The only stated findings of fact on which the agency could have made a determination regarding the plaintiff's unsuitability were that (1) he was reloading his gun while driving his car and in such a way that people outside the car could and did see it; and (2) that he pleaded guilty to creating a public disturbance. The decision does not indicate that the agency understood that the plaintiff's guilty plea was only to an infraction, not a crime. Nor does it state whether the factual basis of the guilty plea was the activity with the gun or the items found in the car, or both. The essential flaw in the agency's decision, in the light of Smith's Appeal and4-183(j)(6), is that it fails to articulate what it is that the plaintiff did that makes him, in the view of the agency, an "unsuitable person" to have a pistol license.
The Board suggests in its brief that there is additional evidence in the record, not specified in its decision, that would support its conclusion concerning the plaintiff's unsuitability. But it is the Board which is making the subtle, subjective determination in this case, not the court, and it is, therefore, the Board's obligation to cite the evidence it used CT Page 5249 in arriving at that determination. In short, the Board's decision fails to comport with the minimal requirement of4-180(c) that its findings of fact and conclusion of law be logically connected.
When the nature of an agency's decision requires it to make subjective judgments, as was the case here, the decision must clearly state the specific facts upon which it is based in order to avoid being arbitrary within the meaning of 4-183(j)(6). The decision in this case fell short of that goal.
The Board's failure to articulate the basis of its decision, as required by 4-180(c) in the circumstances of this case, substantially prejudices the plaintiff because he is unable to determine whether and to what extent the decision is arbitrary, capricious, or an abuse of discretion.
The court finds that the Board's decision is affected by error of law prejudicial to the plaintiff, and the appeal must, therefore, be sustained. The case is remanded to the Board so that it may file a new decision consistent with the decision of this court.
Maloney, J.