[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Michael T. Nicholson appeals the decision of the defendant board of firearms permit examiners revoking his permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court sustains the appeal.
The facts essential to the court's decision are not in dispute. The plaintiff had held a permit to carry a handgun, issued by the state police, for about thirty years. On March 4, 1994, the state police revoked the permit. In the notice of revocation, the police stated that the basis of the revocation were two incidents: the plaintiff's conviction in 1964 on a misdemeanor involving stolen property and his arrest in July 1993 on felony charges of assault and risk of injury to a minor. The 1993 criminal charges were nolled by the state on March 17, 1994.
The plaintiff appealed the revocation to the defendant board in accordance with General Statutes § 29-32b. CT Page 11065 The board held a hearing de novo on the revocation at which the plaintiff appeared and testified. A representative of the state police also appeared and testified as did a detective from the Enfield Police Department.
Following the hearing, the board rendered its final decision affirming the revocation of the plaintiff's permit. In its decision, the board made the following findings of fact:
 1. The appellant was arrested for Assault 2nd and Risk of Injury to a Minor. The charges were based on a complaint that he beat his son with a belt. Both charges were nolled on 3/17/94.
 2. The son has a history of difficult behavior and is enrolled in a school for children with difficulties run by the Newington Children's Hospital.
 3. The appellant admits he hit his son with the belt but claims most of the bruises came from his son falling off a skate board. The evidence makes clear the bruises but not their source.
 4. The appellant held a permit for about 30 years without any difficulties prior to this incident.
Based on those findings, the board concluded "that there is just and proper cause for the revocation of a pistol permit because based upon the facts produced at the hearing, the appellant is not a suitable person." In accordance with its findings and conclusions, the board affirmed the revocation of the plaintiff's permit.
The plaintiff advances two arguments in support of his appeal: (1) that the board wrongfully admitted and relied upon hearsay evidence; and (2) that the board's decision constituted an abuse of its discretion.
At the hearing before the board, a state police CT Page 11066 detective testified as to the contents of the report of an Enfield police officer and affidavits made in support of the warrant for the plaintiff's arrest. An Enfield police officer also testified as to the contents of those documents. The reports and affidavits themselves were not admitted in evidence and the author of the police reports and the affiants were not present at the hearing. In his brief to this court on appeal, and with some justification, the plaintiff characterizes the allowance of this testimony as revealing "a complete and utter disregard for any form of evidentiary protocol."
The problem with the plaintiff's objection to the board's allowance of the police officers' testimony concerning the contents of the documents is that it comes too late. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Furthermore, and with particular relevance for this case, "[w]hen hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted; emphasis added.) Volck v. Muzio, 204 Conn. 507, 518
(1987).
In the present case, the record clearly shows that the plaintiff made no objection to the testimony of the police officers at the hearing. In his testimony, he did attempt to contradict what they said, but he never objected to the admissibility of their statements. In his brief on appeal, he points out that he was not represented by counsel at the hearing. He makes no claim, however, that he was in any way denied the right or opportunity to be represented. The court concludes that, in the absence of any objection by the plaintiff at the hearing, it was not error for the board to admit the testimony, including the hearsay statements.
The plaintiff next contends that the board's ultimate decision constituted an abuse of its discretion. CT Page 11067 In essence, the plaintiff argues that the board had legally insufficient grounds for revoking the plaintiff's permit even assuming the validity of its factual findings. In this regard, the plaintiff argues that "the board revoked the plaintiff's permit because it did not agree with the plaintiff's means of parental discipline . . . It is not the duty of the board to revoke pistol permits as a means of governing family values." (Plaintiff's brief, pp. 13-14.) The plaintiff's argument requires the court to review the board's statutory authority to revoke handgun permits.
General Statutes § 29-35 prohibits anyone from carrying a pistol or revolver outside his or her home or business without a permit issued pursuant to § 29-28. That statute sets forth the criteria and procedure for obtaining a permit to carry a handgun. It is a two-step procedure under which the applicant first obtains from the appropriate local official a permit to carry a pistol in his or her town of residence and then obtain a state-wide permit from the state police, acting in behalf of the commissioner of public safety. The statute provides, in relevant part, that the local official will grant the permit "provided such authority shall find that such applicant intends to make no use of any pistol or revolver which he may be permitted to carry . . . other than a lawful use and that such person is a suitable person to receive such permit." The statute provides no criteria for issuance of the state-wide permit by the state police but provides, merely, that the "commissioner may, upon application, issue to any holder of any [local] permit, a permit to carry a pistol or revolver within the state."
General Statutes § 29-32 establishes the summary procedure by which either the local authority or the commissioner may revoke a permit. "Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit" of a felony or specified misdemeanor (not applicable in this case).
General Statutes § 29-32b(b) sets forth the standards for the defendant board to follow in reviewing CT Page 11068 a revocation of a permit by the local authority or the commissioner. "On such appeal the board shall inquire into and determine the facts, de novo, and unless it finds that such . . . revocation . . . would be for just and proper cause, it shall order such permit to be . . . restored . . . ."
As the board indicates in its decision, and argues in its brief to this court, it considers that a determination that an individual is not "a suitable person," in the language of § 29-28, is just and proper cause for revocation of a permit under § 29-32.
In the present case, the board concluded as a matter of law that the plaintiff is an "unsuitable person." The term "suitable" is nowhere specifically defined in the pistol permit laws. The term "unsuitable person", as used in the Board's decision, also does not appear anywhere in the applicable statutes. In its brief to the court on this appeal, the board cites Smith's Appeal from CountyCommissioners, 65 Conn. 135, 138 (1894) holding:
 The word "suitable" as descriptive of an applicant for license under the statute, is insusceptible of any legal definition that wholly excludes the personal views of the tribunal authorized to determine the suitability of the applicant. A person is "suitable" who by reason of his character — his reputation in the community, his previous conduct as a licensee — is shown to be suited or adapted to the orderly conduct of [an activity] which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is made a criminal offense. It is patent that the adaptability of any person to such [an activity] depends upon facts and circumstances that may be indicated but cannot be fully defined by law, whose probative force will differ in different cases, and must in each case depend largely upon the sound judgment of the selecting tribunal. (Emphasis added). CT Page 11069
Since Smith's Appeal, there has been relatively little judicial light shed on the scope of the term "unsuitable person" as employed by the board in determining whether a person should continue to hold a handgun permit. In Rabbitt v. Leonard, 36 Conn. Sup. 108,115, (1979), cited by the board in its brief, the Superior Court (Saden, J.) observed that the "governmental interest here is to protect the safety of the general public from individuals whose conduct has shown them to be lacking the essential character or temperament necessary to be entrusted with a weapon." (Emphasis added.) In Storace v. Mariano, 35 Conn. Sup. 28
(1978), cited by the plaintiff in his brief, the Court of Common Pleas sounded a similar note. In that case, the plaintiff, an employee of Fairfield Hills Hospital, disobeyed the instructions of his supervisor regarding the storage of his pistol on the grounds of the hospital. The court, contrary to the findings of the board, concluded that the plaintiff's insubordination did "not render the plaintiff unsuitable" to hold a pistol permit. In reaching this conclusion, the court noted that "the record fails to show any danger to inmates or to the public or other grounds for upholding the revocation." Id., 33.
These cases impose a special responsibility on agencies such as the board, which must determine an individual's "suitability" to hold a license. As indicated by the Supreme Court of Errors in Smith'sAppeal, supra, 65 Conn. 138, the personal views of the agency members are necessarily a factor in the decision, and similar facts and circumstances will have varying "probative force" in different cases. In accordance with General Statutes § 4-183 (j)(6), however, the board must avoid decisions which are "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." As this court has previously held, "It is incumbent on the agency in such cases . . . to be reasonably precise in stating the basis of its conclusion that an individual is `unsuitable.' Otherwise, the decision on its face will be susceptible to the interpretation that it is unduly subjective, an essentially arbitrary act." Wend v. Board of FirearmsPermit Examiners, Superior Court, JD of Hartford/New CT Page 11070 Britain at Hartford, DN. CV920518655 9 Conn. L. Rptr. 174 (May 28, 1993).
The court presumes that the term "unsuitable" as used by the board means not "suitable" to hold a pistol permit within the meaning of § 29-28, the statute governing the issuance of such permits. In accordance with the Rabbitt v. Leonard and Storace v. Mariano cases, supra, an "unsuitable person" under that statute is one whose conduct indicates that he or she is potentially a danger to the public if entrusted with a handgun. InSmith's Appeal, the court indicates that the board may take into account the person's "reputation in the community" and "his previous conduct as a licensee."
In the present case, the board sets forth very limited findings of fact in support of its conclusion that the plaintiff is not suitable to hold a permit. In essence, the facts that the board states are the basis of its conclusion are that the plaintiff beat his son with a belt on one occasion and was arrested as a result.
All of the other facts set forth in the board's written decision are either not probative or favor the plaintiff.
The court is well aware of the basic principle of administrative law that the scope of the court's review of an administrative agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine CT Page 11071 whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." UnitedParcel Service, Inc. v. Administrator, UnemploymentCompensation Act, 209 Conn. 381, 385 (1988).
In the present case, the court concludes that the board incorrectly applied the law to the facts that it found or could reasonably have inferred from those facts. In order to determine that a person is "unsuitable" to continue to hold a gun permit, the law requires that there be facts sufficient to show generally that he or she lacks "the essential character or temperament necessary to be entrusted with a weapon." Rabbitt v.Leonard, supra, 36 Conn. Sup. 115. More specifically, the facts found by the board should show or provide a logical inference that the person poses some danger to the public if allowed to carry a weapon outside the home or business. Storace v. Mariano, supra, 35 Conn. Sup. 33.
In the present case, the facts set forth in the board's decision do not support its ultimate conclusion. Although the board found that the plaintiff was arrested as the result of an incident involving violence, all of the other relevant facts found by the board tend to negate the conclusion that he lacks the proper character or temperament to be entrusted with a gun or that he poses some danger to the public if allowed to carry a gun outside his home or business. In particular, the board found that the plaintiff has a long unblemished record as a permit holder; that the isolated incident that precipitated the revocation did not involve the use of a gun; and that the plaintiff was not convicted of any crime in connection with the incident. Although no one of those facts, standing alone, might be sufficient to negate the board's conclusion, the totality of those facts overwhelms it. The court finds, therefore, that, in light of the evidence, the board's decision was unreasonable and an abuse of its discretion.
The plaintiff's appeal is sustained. In accordance with General Statutes § 4-183 (k), the case is remanded to the board and the board is instructed to order that the plaintiff's permit be restored in accordance with § 29-32b(b). CT Page 11072