[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, George R. Thomson, brings this appeal from the ruling of the Board of Firearms Permit Examiners ("board") refusing to set aside the revocation of his permit to carry firearms by the Connecticut Department of Public Safety's License and Permits/Weapons Units. The appeal is authorized by General Statutes §§ 29-32b(f) and 4-183.
The plaintiff asserts both procedural and substantive grounds for overturning the board's action. The procedural issues raised are as follows:
1. the provision of a post-revocation hearing rather than a pre-revocation hearing violated plaintiff's right not to be deprived of liberty or property without due process of law;
2. the authority that issued the permit failed to file its report at least ten days before the hearing;
3. the board relied on evidence obtained in an illegal search of plaintiff's home;
4. the board failed to advise the plaintiff of his right to request reconsideration of its decision.
The substantive grounds asserted are as follows:
5. the revocation of the plaintiff's permit violated his constitutional right to bear arms;
6. the board erroneously construed his acceptance of accelerated rehabilitation on a gun charge as an admission of guilt;
7. the standard for adjudging the plaintiff not "suitable" to continue to hold a permit is vague;
8. the board abused its discretion in determining that there was cause to revoke his permit. CT Page 231
By a motion filed on June 27, 1995, the plaintiff seeks to present additional evidence to supplement the record upon appeal. The material which the plaintiff seeks to present consists of additional statements concerning his position as to the search of his home and the nature of the weapon that the board regarded as a machine gun. The plaintiff seeks to present a transcript of the trial of the dissolution of his marriage for the purpose or arguing that his wife's statements in that trial were untruthful. The court finds that the proffered material either fails to contradict the information presented to the board or was information that the plaintiff could have presented at the administrative hearing. The remaining material which the plaintiff seeks to present relates to his complaint to the Commission on Human Rights and Opportunities against the North Haven Police Department regarding revocation of his pistol permit and is not relevant to the proceeding before the court.
General Statutes § 4-183(h) permits supplementation of the administrative record only if the additional evidence is both material and was not presented to the agency for good reasons. The plaintiff has identified only repetitions, not contradictions, of the evidence and claims presented to the board. His subsequent complaint to another agency raises a claim of discrimination that is not within the jurisdiction of the board. The court finds that the criteria of § 4-183(h) are not met, and the motion to supplement the evidentiary record is denied.
Aggrievement
The court finds that the plaintiff was issued a permit to carry pistols or revolvers in 1984 and that his permit was revoked by the State Department of Public Safety on May 6, 1994. The board's denial of the plaintiff's appeal from that revocation has the effect of depriving him of a permit to engage in certain activities which he had been previously authorized to engage in pursuant to his permit. The court finds that the plaintiff is aggrieved by the board's ruling.
Standard for review
Pursuant to General Statutes § 4-183(j), the scope of this court's review of an agency's decision is very limited. That statute provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence CT Page 232 on questions of fact." Judicial review of conclusions of law administratively reached is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Conn. Light and Power Co. v. Dept. ofPublic Utility Control, 219 Conn. 51, 57-58 (1991).
A review of the record of the hearing reveals that the board was presented with the following evidence. The plaintiff was a small arms repairman in the armed services and became familiar with guns and their assembly while working in ordinance operations as an officer. At the time of the administrative hearing he had approximately thirty weapons — rifles, pistols and shotguns — which he kept in his home. In July 1992 the plaintiff was ordered out of his home pursuant to his wife's complaint of domestic violence. His wife told police officers that the plaintiff owned a gun that had been tampered with and that it was possibly a machine gun.
The plaintiff's teenaged son told police officers that the plaintiff had told him he had altered a weapon to make it an automatic weapon using parts purchased from the Village Gun Shoppe in Northford. The owner of that store stated that he had sold the plaintiff items that could be used for the modification of a semi-automatic weapon to make it a fully automatic weapon.
The plaintiff's wife allowed police to search the area where the plaintiff stored his weapons. Agent Kern of the federal Alcohol Tobacco and Firearms department determined that among the plaintiff's guns was a semi-automatic weapon, Model J15 manufactured by Eagle Arms and owned by the plaintiff, that had been modified to be a machine gun, that is, a fully automatic weapon that would fire more than one round. Detective David Gibbs of the State Police lab confirmed that this rifle had been modified to be a fully automatic weapon. Possession of a machine gun is illegal pursuant to General Statutes § 53-202.
The plaintiff admitted that the weapon was his but denied that it was a machine gun. He admitted that he had the technical skills necessary to convert a semi-automatic weapon into an automatic weapon.
After some delay to determine whether a federal prosecution would be initiated, the State charged the plaintiff with illegal possession of a machine gun. The plaintiff was admitted to the CT Page 233 accelerated rehabilitation program pursuant to General Statutes § 54-56 on this charge. The charge had not yet been dismissed at the time of the administrative hearing as the two-year AR probation had not yet been completed.
Though the police took and examined only one such weapon, the plaintiff testified that he had built from parts another weapon that he characterized a semi-automatic and that he had disposed of it.
The plaintiff admitted that both weapons would fire more than one round at a time if a certain spring were left out of their assembly.
Procedural Issues
At the hearing, which was conducted on November 16, 1994, the board's secretary pointed out that the authority that had issued the permit to the plaintiff had returned information on a questionnaire on November 7, rather than November 6, a Sunday, and that consequently the information was not filed ten days before the hearing as requested by the board.
After the lateness of the questionnaire was mentioned, the plaintiff did not object to proceeding with the hearing, and he did not request a continuance in order to have additional time to inspect it. The plaintiff likewise did not object to the presentation of the information summarized above in the form of hearsay reports. The court finds that the plaintiff waived any objection to the procedure followed by the board. Burnham v.Administrator, 184 Conn. 317, 323 (1981).
The plaintiff further claims that the board erred in failing to advise him of his right to request a reconsideration of its ruling. While § 4-181a provides that a party in a contested case may request reconsideration with fifteen days of an agency's decision, that statute does not require an agency to advise parties of that procedure, and the plaintiff has failed to identify any statute, regulation or case law requiring such a notice to be provided by the board.
The plaintiff objects in his "Response to Board's Answer to Appellant's Preliminary Statement of Issues," filed May 23, 1995, that General Statutes § 4-182(c) and principles of due process of law required that he be given notice and an CT Page 234 opportunity to be heard before this permit was revoked, not afterwards. The cited provision applies to licenses other than those controlled by specific legislation. With regard to permits to carry pistols and revolvers, the legislature has specifically provided, at General Statutes § 29-32, for notice and an opportunity for a permit holder to be heard only after the issuing authority has determined that there is "cause" to revoke the permit. The issue, then, is whether this procedure is sufficient in view of the constitutional requirement that citizens not be deprived of liberty or property without due process of law. The determination of how much and what kind of process is due with regard to a deprivation by State action requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and, finally, the State's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. Mathews v. Eldridge,424 U.S. 319, 335 (1976); State v. Lopez, 235 Conn. 487, 493 (1995). "Due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v.Brewer, 40 U.S. 471, 481 (1972). Not all deprivations even require evidentiary hearings. State v. Lopez, 235 Conn. 493.
The private interest at issue here is the interest in continued authorization to carry a weapon. The government interest is in prompt removal of this authorization from persons who are not suitable. Because of the nature of weapons and their potential for inflicting harm or causing death, recognition of a right to continue to carry a weapon between the time that evidence of unsuitability arises and completion of notice and a hearing would impose a great risk to the public whose interests the government must protect.
In such situations, a summary revocation of the private interest has been approved, so long as there is a provision for prompt notice of the reason for the revocation and an opportunity to be heard. Dixon v. Love, 431 U.S. 105, 114 (1977); Boddie v.Connecticut, 401 U.S. 371, 379 (1971); State v. Hickam, 235 Conn. 614,635 (Berdon, J. dissenting) (1995).
The plaintiff's final procedural ground is that the board's action was based on evidence obtained in an illegal search. The CT Page 235 facts as described at the hearing support a conclusion that the search at issue was consented to by the sole occupant of the plaintiff's home at the time. Even if, however, Mrs. Thomson's consent were not sufficient, this court must be guided by the ruling of the Connecticut Supreme Court in Payne v. Robinson,207 Conn. 565, 571 (1988). In that case, the Court held that the claimed illegality of a search should not lead to suppression of the evidence in collateral hearings such as probation hearings, but only at criminal trials.
The remaining grounds raised by the plaintiff in his various submissions on appeal are substantive.
The first is the plaintiff's claim that the action of the board violated his constitutional right to bear arms. Thesecond amendment to the Constitution of the United States provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to bear Arms, shall not be infringed." Article first, Section 15 of the state constitution provides that "[e]very citizen has a right to bear arms in defense of himself and the state."
Both provisions have been found not to be absolute. Rather, the right to bear arms has been found to be subject to reasonable regulation by the government, which may restrict a citizen's right through the exercise of the government's police power to protect the health, safety and morals of the citizenry. Benjaminv. Bailey, 234 Conn. 455, 4 (1995); State v. Bailey, 209 Conn. 322,346 (1988). A regulation that serves a legitimate interest of the state acting pursuant to its police power to regulate the extent of use of weapons is constitutional. Benjamin v. Bailey,234 Conn. 471.
Pursuant to General Statutes § 29-35, a permit is not required for a pistol or revolver carried within a person's dwelling. A permit is required for the carrying of such a weapon outside a person's dwelling, and eligibility to carry a pistol or revolver other than in a person's own dwelling is limited pursuant to General Statutes § 29-28 to those found to be "suitable" persons by the police authority to whom application is made. Limitation of the right to carry firearms to persons who are determined to be suitable to engage in so potentially dangerous an activity is within the reasonable exercise of the police power to protect the public from the carrying of firearms by persons who, because of their conduct or relevant attributes, CT Page 236 are not suitable. It is a criminal offense to carry a pistol or revolver without a permit. General Statutes § 53-206.
The plaintiff claims that the term "suitable," the standard set in § 29-28 for denial or revocation of a permit, is vague and indefinite and therefore allows the police unbridled authority to deny the right to bear arms. This court must, however, decide whether the plaintiff has established that the standard is so vague as to apply to conduct by the plaintiff that should not have been determined to have rendered him unsuitable to carry a pistol or revolver outside his home. State v. Eason,192 Conn. 37, 47 (1984); State v. Pickering, 180 Conn. 54, 58
(1980): ("[T]hat a statutory provision may be of questionable applicability in speculative situations is usually immaterial if the challenged provision applies to the conduct of the [party] in the case at issue"). The term "suitable" has been interpreted by the Supreme Court in a manner to provide guidance to issuing authorities: "[a] person is `suitable' who by reason of his character — his reputation in the community, his previous conduct as a licensee — is shown to be suited or adapted to the orderly conduct of [an activity] which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is made a criminal offense."Smith's Appeal From County Commissioners, 65 Conn. 135, 138
(1894).
The North Haven Police Department had been advised by members of the plaintiff's household that the plaintiff possessed at least one weapon that met the legal definition of a machine gun, pursuant to General Statutes § 53-202. While the board may have erroneously believed that electing the accelerated rehabilitation program pursuant to General Statutes § 54-56
constituted an admission of guilt on the criminal charge of possession of a machine gun, the disposition of the criminal charge was not a necessary finding with regard to the issue of suitability. This is not a case in which the A.R. plea was the only evidence on the issue of suitability. Rather, the board had evidence of the capabilities and attributes of the gun and was justified in concluding that a person who had either built or altered weapons to render them of a type that General Statutes § 53-202 makes it a crime to possess was not a suitable person to be permitted to carry a pistol or revolver. The board's determination is further supported by evidence that the plaintiff was engaged in an acrimonious divorce and that his spouse had been apprehensive enough to report his possession of such a CT Page 237 weapon to the police. Wholly apart from any misinterpretation of the accelerated rehabilitation program, the board had evidence of the plaintiff's conduct with regard to firearms that amply supported its upholding of the determination that the plaintiff was not a suitable person to have a permit.
The plaintiff invites this court to substitute its judgment on the issue for that of the board entrusted with verifying the evidence and making determinations in the area of expertise entrusted to that board. The court cannot do this but must uphold the ruling of the administrative agency unless it has been shown that the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Conn. Light Power Co. v. Departmentof Public Utility Control, 219 Conn. 51, 57-58 (1991).
The police department and the board are not limited to revoking gun permits only of those who are actually convicted of crimes, including crimes involving possession or use of firearms. Rather, they may look more broadly to the suitability of a permit holder. This court finds that the factual record before the board was sufficient to defeat the plaintiff's claim that the revocation of his permit was arbitrary, unreasonable, illegal or in abuse of the board's discretion. The board's decision was based on substantial evidence in the record and on a plausible interpretation of the statutes that it is responsible for enforcing. See Bridgeport Hospital v. Commissioner on HumanRights and Opportunities, 232 Conn. 91, 110 (1995); Starr v.Commissioner of Environmental Protection, 226 Conn. 358, 376
(1993).
Conclusion
The appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court