[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Shirley Vigneri appeals the decision of the defendant board of firearms permit examiners revoking her permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The parties filed briefs in support of their respective positions in this appeal but waived oral argument. The court determines that the case must be remanded for further proceedings.
The essential facts are not in dispute. On April 2, 1996, the board convened a hearing on the denial of the plaintiff's application to renew her handgun permit. The plaintiff appeared pro se and testified. The department of public safety presented two witnesses in opposition to to the application. Both parties presented other documentary evidence. Also present were several individuals whom the plaintiff proposed to present as witnesses in her behalf but was prohibited from doing so.
Following the hearing, on April 12, 1996, the board rendered its written decision denying the plaintiff's appeal and affirming the rejection of her application for the permit. In so doing, the board stated its findings of fact as follows:
 1. On April 4, 1995, the (plaintiff) entered the home of a person to seek a legal opinion. She was accompanied by two other persons. Shortly after her admission, the homeowner arrived at the foyer and asked her to leave. He repeated the request, and when the (plaintiff) did not comply, he picked her up and set her down on the step outside the house.
 2. Police responded to the (plaintiff's) complaint of an assault. After interviewing CT Page 4271 witnesses, they arrested the appellant on a warrant for Criminal Trespass. The charge is still pending. The homeowner was not arrested.
 3. The Board did not find the (plaintiff's) testimony concerning the incident credible.
Based on those factual findings, the board concluded that the plaintiff "is not a suitable person" to hold a permit, thereby determining "just and proper cause" for denial of the permit pursuant to General Statutes § 29-32b(b).
The plaintiff advances a number of arguments in support of her appeal, which may be summarized as follows: (1) that the first selectman of Windham failed to act timely on her application; (2) that the board did not give her an opportunity to show compliance with all lawful requirements for retention of her permit as required by § 4-182; (3) that the board wrongfully refused to permit her to present relevant evidence and testimony at the hearing; and (4) that the board failed adequately to articulate the factual and legal bases of its decision, or, in the alternative, that the board's legal conclusions were erroneous and unauthorized.
The arguments numbered (1) and (2), above, may not be sustained. With respect to (1), the board was fully authorized by § 29-32b to hear the plaintiff's appeal of the failure by a local official to act on the plaintiff's application and to provide an adequate remedy. Such failure by a local official does not, therefore, provide a basis for appeal to this court. With respect to (2), a hearing provided by the board, as was provided in this case, is sufficient to comply with the requirements of § 4-182. The plaintiff's third and fourth arguments are substantial, however, and require that the case be returned to the board for further proceedings.
This court has repeatedly and consistently held that it is essential for the board to be reasonably precise in stating the basis for its conclusion that an individual is "unsuitable" to hold a permit to carry a handgun. Otherwise, the decision on its face will be susceptible to the interpretation that it is unduly subjective, arbitrary, or unreasonable. In its present form, the board's decision displays all of those defects.
The board's findings, set forth above in their entirety, CT Page 4272 clearly are not adequate to support its conclusion that the plaintiff is not suitable to have a gun permit. With respect to the pending criminal charge, Criminal Trespass, presumably in the First Degree, a violation of General Statutes § 53a-107, is a misdemeanor and is not among the crimes specifically designated by the legislature as requiring revocation regardless of the circumstances. See §§ 29-32 and 29-28. "Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive." BridgeportHospital v. Commission on Human Rights and Opportunities,232 Conn. 91, 101 (1995). Conviction of Criminal Trespass in the First Degree, therefore, does not per se require revocation of the accused's gun permit. Accordingly, even if the plaintiff had been convicted of that crime, which she had not, in order to justify revocation on the basis of such a conviction, the board would have to determine that her underlying conduct in committing the crime indicated unsuitability.
In order to determine that a person is "unsuitable" to continue to hold a gun permit, the law requires that there be facts sufficient to show generally that he or she lacks "the essential character or temperament necessary to be entrusted with a weapon." Dwyer v. Farrell, 193 Conn. 7, 12 (1984); Rabbittv. Leonard, 36 Conn. Sup. 108 (1979). More specifically, the facts found by the board should show or provide a logical inference that the person poses some danger to the public if allowed to carry a weapon outside the home or business. Storacev. Mariano, 35 Conn. Sup. 28, 33 (1978).
In the present case, however, the board's decision does not set forth any findings that would support the conclusion that the plaintiff lacks the essential character or temperament necessary to be entrusted with a weapon; that is, that she would pose a danger to the public if allowed to carry a gun outside her home or business. Indeed, the only behavior mentioned in the decision that might indicate some instability of temperament was that of the "homeowner," who forcibly ejected the passively resisting plaintiff from the premises instead of calling the police.
In most cases, a decision that is so inadequate on its face would call for summary reversal. In this case, however, the court cannot ignore the fact that there was a great deal of testimony and other evidence, pro and con, which, if it had been considered by the board, would have had a direct bearing on the issue of the plaintiff's suitability. Furthermore, the board's decision in a CT Page 4273 case of this kind implicates significant questions of private and public concern, from a citizen's right to bear arms under our federal and state constitutions to the public's right to be free from the danger inherent in allowing irresponsible individuals to carry firearms abroad. For those reasons, the case must be remanded so that the board may render a decision that fully and comprehensibly sets forth findings of fact, based on the evidence, and conclusions of law, based on the findings, that are capable of review by this court on appeal.
The plaintiff also argues that she was deprived of a full opportunity to present evidence in support of her application for a permit. After reviewing the record of the administrative hearing, the court agrees.
"Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice." (Citations and internal quotation marks omitted). Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536 (1987). "Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Id. See also General Statutes §§ 4-177c and 4-178.
There were at the hearing several witnesses prepared to testify in behalf of the plaintiff. One of these, Dolores Ackley, was present at the incident giving rise to the criminal charge against the plaintiff. The others were character witnesses. The board ruled that none of these witnesses would be allowed to testify on the ground that they were not present at the incident. This ruling is not comprehensible if, as it appears, it pertained to Ms. Ackley. The board did allow the plaintiff to introduce a written statement of Ms. Ackley, but the chairman of the board minimized its significance, stating that it was unsworn hearsay. Ms. Ackley herself then interjected that the statement was notarized. Why was she not invited or at least permitted to testify?
The board then proceeded to admit in evidence written statements of individuals, some of whom were present at the hearing, which attested to the plaintiff's good character and reputation in the community. Although the board must have CT Page 4274 considered this evidence to be relevant, since it admitted it to the record, the board refused to allow live testimony on the same subject. Moreover, when it admitted the statements and before reading them, the board members present made clear that they would give them little weight. One board member, for example, stated, "character references are essentially worthless because no one's ever seen a bad one, so don't strain too much over reviewing them."
In its brief to the court in opposition to the plaintiff's appeal, the board cites Smith's Appeal from CountyCommissioners, 65 Conn. 135 (1884), as authority for its definition of "suitable" as applied to the gun permit laws. That case holds:
 A person is "suitable" who by reason of his character — his reputation in the community. his previous conduct as a licensee — is shown to be suited or adapted to the orderly conduct of tan activity) which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is a criminal offense. (Emphasis added.)
This rule, which has endured for more than one hundred years, obviously required the board to consider evidence beyond that pertaining to the single isolated incident, which, the court notes, did not involve the use or display of a gun. The board apparently agreed and accepted the double hearsay statements of Patrick Prue concerning the plaintiff's alleged threat to him about a year prior to the incident at his house. But the board adamantly rejected the plaintiff's attempts to introduce testimony favorable to her character and reputation and denigrated the written evidence that it did allow.
As noted, the plaintiff appeared at the hearing pro se. This necessarily entailed presenting witnesses and other evidence in her own behalf and cross-examining adverse witnesses, as well as testifying herself in support of her position. A review of the transcript of the hearing indicates that she occasionally confused these different roles and sometimes did not understand or misinterpreted instructions and rulings by board members. Such mistakes, often exacerbated by the zeal and determination with which she advocated her cause, certainly prolonged the hearing CT Page 4275 and perhaps justified some irritation on the part of the board members. But the plaintiff's conduct at the hearing did not justify the board's restrictions on her right to present relevant testimony or its contemptuous prejudgment, without examination, of evidence that she did introduce.
Pursuant to General Statutes § 4-183 (j), the appeal is sustained. Pursuant to § 4-183 (k), the case is remanded to the board. The board is ordered to hold a new hearing at which the plaintiff shall be allowed to present relevant testimony and other evidence in her behalf, consistent with the principles set forth in this decision. Such evidence should also include the outcome of the criminal charges that were pending against the plaintiff at the time of the original hearing. Board members who are unwilling or unable to give fair consideration to the evidence presented by the plaintiff, without prejudgment, should recuse themselves. Following the new hearing, the board shall render a new decision setting forth findings of fact and conclusions of law. The new decision may affirm, modify or reverse its original decision. If adverse to her, the plaintiff may appeal the new decision in accordance with the provisions of General Statutes § 4-183.
MALONEY, J.